THE NEW ENGLAND MERCHANDISE COMPANY *vs.* FREDERICK W. MINER.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In the interest of simplicity and directness in pleading each count in a complaint and the answer thereto should be complete in themselves. Accordingly, although the answer has once denied the truth of allegations forming part of one count in the complaint, it should again deny them when they are by reference incorporated in a second count; unless, indeed, the defendant intends to admit their truth in respect to that count.

Argued April 12th—decided June 14th, 1904.

ACTION to recover moneys alleged to have been unlawfully appropriated and converted by the defendant to his own use, as well as damages for false entries, brought to and tried by the Superior Court in New Haven county, *Elmer, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The complaint contained two counts. The first charged that the defendant, as the former treasurer of the plaintiff corporation, unlawfully took and converted to his own use the moneys of the corporation. The second, that having made such unlawful conversion, he, in order to conceal the same, wilfully and maliciously made untruthful and improper entries in the cash book of the corporation. Damages were claimed not only for the amount converted, but for special damage resulting from the improper bookkeeping.

The court found that "it did not appear that the defendant had ever taken any cash or funds for which he had not made the proper entries, or that he had ever appropriated to his own use in any manner any cash or property of the plaintiff company," and that it did not appear that he had ever intentionally made any erroneous entries in the company's books, and rendered judgment for the defendant.

*Maxwell Slade*, for the appellant (plaintiff).

*Leonard M. Daggett* and *John Q. Tilson*, for the appellee (defendant) were stopped by the court.

PRENTICE, J. The appeal fails to assign any error of law. Five reasons of appeal are stated. The first is general and therefore not entitled to consideration. General Statutes, § 802. The remainder complain because the court, upon the subordinate facts found, refused to find an appropriation of funds and intentionally false bookkeeping. The situation admits of no possible error of law. The conclusions reached by the court are conclusions of fact involving no possible misconception or misapplication of principles of law.

The second and third paragraphs of the first count were by reference incorporated into the second count. The defendant denied these paragraphs in his answer to the former count, but made no answer to the paragraph of the latter count which incorporated them. In its brief the plaintiff claims that the court erred in not accepting as admitted the allegations of these paragraphs in so far as they formed a part of the second count, and in finding the facts to be otherwise. This claim was not made upon the trial, neither is it contained in the reasons of appeal; it need not, therefore, be regarded. General Statutes, § 802. As the claim is one which, if well and seasonably made, could have been met by a simple amendment, and the fault, whether of inadvertence or misunderstanding, remedied, the situation is one which can reasonably permit no relaxation from the strict enforcement of the rule. Perhaps we ought to say, however, that whatever effect we might, in a proper case, be disposed to give to pleadings in that form, good pleading requires that the defenses to each count be complete in themselves, and indicate what stands admitted or denied without reference elsewhere. Simplicity and directness can thus be best obtained.

There is no error.

In this opinion the other judges concurred.