MARY A. CHASE *vs.* THE WATERBURY SAVINGS BANK.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A reason of appeal alleging that the trial court " erred in charging the jury," is too general, and raises no question which this court is bound to review.

By accepting and using a deposit book containing the by-laws of a savings-bank, the depositor assents to them as a part of the contract of deposit.

A by-law of a savings-bank provided that moneys withdrawn should be paid only to the depositor or his order, or to his legal representatives. *Held* that in the absence of any modifying agreement, the bank could not avoid liability for payments made upon forged orders to one who had fraudulently obtained possession of the deposit book, even though made in good faith and in the exercise of ordinary care.

Another by-law provided that the bank would not be responsible to any depositor for any fraud that might be practiced upon its officers by forged signatures, or by presenting a depositor's book and drawing money without the knowledge or consent of the owner. *Held* that this regulation and its acceptance by the depositor absolved the bank for payments to the wrong person which were made by it in good faith and in the exercise of reasonable care, but not for those which by the use of such care it might have prevented.

Contributory negligence upon the part of the depositor is no defense to the bank for payments negligently made by it to the wrong person; nor under such circumstances is the bank in a position to invoke the doctrine of equitable estoppel against the depositor.

Where the question for the jury is whether the defendant exercised reasonable care under all the circumstances, the trial court may well refuse to instruct them as to the effect or bearing upon that question of a single fact or item of evidence.

The question whether a savings-bank was negligent in paying money on forged orders is one of fact for the jury.

Argued October 4th—decided November 11th, 1904.

ACTION to recover moneys deposited in a savings-bank, brought to the Superior Court in Litchfield County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff, and appeal by defendant. *No error.*

*Nathaniel R. Bronson*, for the appellant (defendant).

*Frank W. Etheridge*, for the appellee (plaintiff).

HALL, J.   From April 1st, 1887, to September 26th, 1900, the plaintiff made in person twenty-five deposits in the defendant savings-bank, which, with dividends added at the rate declared by the bank, amounted, at the time of the trial in March, 1904, to $3,230.   The plaintiff has neither herself withdrawn any part of said sum, nor has she given any order for any payment to others.   Upon four occasions between December 31st, 1901, and March 3d, 1902, the plaintiff's daughter, Mrs. Keith, who with her husband lived with the plaintiff, obtained money from the bank, amounting in all to $500, by presenting the plaintiff's bankbook, of which she had fraudulently obtained the possession, and by presenting, with the bank-book, forged orders purporting to have been signed by the plaintiff and directing payment to be made to Mrs. Keith of the sums named in the orders.

Early in April, 1902, Mrs. Keith confessed to her mother that she had drawn money upon the bank-book, but claimed that she could obtain no more without an order from the plaintiff, and offered to write to the bank and secure a reply which would satisfy the plaintiff ; and a few days later read to her mother what purported to be a letter from the bank to the effect that no further money could be drawn on the plaintiff's account without an order from the plaintiff, and that it would be all right.   Thereafter the plaintiff kept her bank-book locked up in a more secure place, but did not then notify the bank that her daughter had thus wrongfully obtained possession of the bank-book and drawn the money.

On the 16th of April, 1902, Mrs. Keith presented at the bank to Mr. Merriman, the defendant's bookkeeper, a forged letter of that date, purporting to have been signed by the plaintiff, addressed to the treasurer of the bank, representing that the plaintiff had accidentally destroyed her bankbook and requesting that a new one be issued in its place,

and further stating that the plaintiff was an invalid and had sent her daughter, Mrs. Keith, to get the new book, and had inclosed an order for money. Mr. Merriman informed Mrs. Keith that a new book could not be issued until a bond had been given to the bank, and prepared and gave to Mrs. Keith a form of a bond, with instructions to have it executed by the plaintiff and some responsible person as surety. On the following day Mrs. Keith presented the bond to Mr. Merriman at the bank, with the plaintiff's name as principal and the name of another person as surety signed thereto. Both signatures were forgeries. In the absence of the treasurer of the bank, and without inquiring as to the responsibility or existence of the person whose name appeared as surety on the bond, and without submitting the matter to the "Board of direction," or to "a committee appointed for that purpose," Mr. Merriman issued and delivered to Mrs. Keith a new book, in the name of the plaintiff, with the balance due upon the first book transferred thereto, and at the same time paid to Mrs. Keith $300 upon a forged order presented by her, dated April 16th, 1902, purporting to have been signed by the plaintiff and directing said sum to be paid to Mrs. Keith upon the amount due upon the first book. Six payments, amounting to $1,700, were made by the bank to Mrs. Keith upon presentation of said second book with forged orders of the plaintiff, the last payment having been made on the 27th of October, 1902.

The plaintiff had no knowledge of the existence of said second book, nor of the payment of any of the money drawn by her daughter thereon, until informed of these facts by the bank on the 1st of November, 1902, when she immediately obtained from her daughter the second book and $20 of the money which she had fraudulently drawn.

Said second book was issued, and all the payments upon both bank-books were made, by the bank in good faith and upon the belief that the letter and orders purporting to have been signed by the plaintiff were genuine, and the plaintiff gave no notice to the defendant that Mrs. Keith had fraudulently obtained possession of the first book, and

that said letter and orders were forgeries, until November 1st, 1902.

The following statement was printed in the plaintiff's bank-book: " Take care of this Book. If you lose or mislay it, give immediate notice to the Bank; as if it gets into improper hands, you may be defrauded."

Among the by-laws printed in plaintiff's book were these :

" Article 13. Dividends and money withdrawn shall be paid only to the depositor, or to the depositor's order, or legal representative ; but neither the principal nor interest of any deposit shall be paid to any person, unless the depositor's book of entries made by an officer of the Corporation or of the Direction shall be presented that such payments may be entered therein, or unless the depositor shall prove to the satisfaction of the Board of Direction, or a committee appointed for that purpose, that such book has been lost or destroyed, in which case the depositor or his legal representative shall lodge with the Treasurer a written discharge."

" Article 15. This Bank will not be responsible to any depositor, or to his heirs or assigns, for any fraud that may be practiced upon any of the officers of this Institution by forged signatures, or by presenting a depositor's book, and drawing money without the knowledge or consent of the owner. And all entries of money paid, made in the depositor's book by an officer of the Institution, shall be deemed good and valid evidence of money paid, and shall exonerate this Bank from any liability on account of any fraud practiced in drawing the money of any depositor."

The above facts appear to have been proved at the trial beyond controversy.

Whether the officers of the bank exercised reasonable care in issuing the second book, and in making the payments to Mrs. Keith upon the first and second book upon the forged orders, and whether the plaintiff was negligent in failing to keep her first bank-book in a safe place, and in not notifying the bank that her daughter had fraudulently drawn money on the first book when she learned of it in

April, 1902, were among the disputed questions of fact at the trial.

The only properly assigned reasons of appeal are the denial of the defendant's motion for a new trial, upon the ground that the verdict was against the evidence, and the failure of the trial judge to charge the jury in accordance with the specific requests set forth in the appeal. The last reason of appeal, that "the court erred in charging the jury as certified to in the printed record," is not a proper assignment of error. It fails to point out the particular errors complained of, in a charge covering twelve pages of the printed record, and therefore raises no question which this court is bound to review. General Statutes, § 802; *Hayden* v. *Fair Haven & W. R. Co.*, 76 Conn. 355, 365; *Simmonds* v. *Holmes*, 61 id. 1, 9.

The substance of the several requests contained in the appeal may be fairly stated as these four requests to charge: First. That Article 15 of the by-laws was sufficient authority to the bank for the payments made to Mrs. Keith. Second. That the plaintiff's failure to notify the bank that Mrs. Keith had fraudulently drawn money on her deposit-book, when she first learned of that fact, prevented the plaintiff from recovering the sums paid by the bank to Mrs. Keith. Third. That if Mrs. Keith obtained possession of the deposit book through the carelessness of the plaintiff in her manner of keeping it, the plaintiff could not recover the money paid by the bank to Mrs. Keith by reason of her possession of the book. Fourth. That the jury would not be justified in finding negligence on the part of the bank from the mere fact that signatures of depositors were not kept for the purpose of comparison; and that the fact that Mrs. Keith was a daughter of the plaintiff might be considered as partially excusing the officers of the bank for not having exercised greater caution.

By accepting from the bank and using, as she did, the deposit-book in which Articles 13 and 15 of the by-laws were printed, the plaintiff assented to these regulations and they became a part of the contract of deposit for the pro-

tection of the bank and the depositor, and were binding alike upon both. *Eaves* v. *People's Savings Bank*, 27 Conn. 229, 231; *Donlan* v. *Provident Institution for Savings*, 127 Mass. 183; *Appleby* v. *Erie County Savings Bank*, 62 N. Y. 12. By the language of Article 13, in the absence of any modifying agreement, the bank was authorized to pay deposits and dividends only to the depositor or his attorney, or in case of his death to his legal representative, and the bank could not avoid liability for a payment made upon a forged order to one who had fraudulently obtained possession of the deposit-book, even by showing that such payment was made in good faith and in the exercise of ordinary care and in accordance with the general practice among savings-banks. *Eaves* v. *People's Savings Bank*, 27 Conn. 229. It was evidently for the purpose of relieving the bank from so great a liability, that the provisions of Article 13 were modified by those of Article 15. It was undoubtedly learned from experience that the depositors of a savings-bank were so numerous that they could not all be personally known to its officers; that many of them were unaccustomed to writing; that they frequently kept their bank-books where they were accessible to others, and that therefore in some instances competent officers in the exercise of proper care and caution would fail to detect forgeries and prevent imposition, by persons presenting deposit-books. It was clearly to protect itself against losses from such impositions, and not from losses which it was its duty to prevent, and which by the exercise of ordinary care it could prevent, that Article 15 was adopted. By its provisions the bank was not relieved from its duty to exercise ordinary care to prevent payment to the wrong person, even though such person presented a deposit-book; and in accepting this regulation the depositor agreed to bear the loss of a payment to the wrong person presenting the deposit-book, only to the extent that the bank acted reasonably. *Ferguson* v. *Harlem Savings Bank*, 86 N. Y. Supp. 825; *Kummel* v. *Germania Savings Bank*, 127 N. Y. 488; *Sullivan* v. *Lewiston Institution for Savings*, 56 Me. 507; *Ladd* v. *Augusta Savings Bank*, 96 id. 510;

*Gifford* v. *Rutland Savings Bank*, 63 Vt. 108 ; *Brown* v. *Merrimack River Savings Bank*, 67 N. H. 549 ; *Wegner* v. *Second Ward Bank*, 76 Wis. 242.   The by-law in question was therefore not a sufficient authority to the bank for payments negligently made to Mrs. Keith, and the court did not err in not charging the jury in accordance with the first request.

Nor did the trial court err in not charging in accordance with the second and third requests.   Article 15 furnished a complete defense against liability for payments to Mrs. Keith made by the bank in the exercise of reasonable care. The second and third requests must therefore rest upon the claim that under the doctrine of contributory negligence, or of estoppel, the defendant would not be liable even for payments negligently made, if it also appeared that the plaintiff was negligent in not notifying the bank of the fraudulent acts of Mrs. Keith, or in not taking proper care of her bank-book.   If the question whether the plaintiff was negligent in these matters were a material one in this case, it may well be doubted whether the jury would have been justified in finding, upon the facts, that the exercise of reasonable care by the plaintiff to prevent the bank from being imposed upon, required her to give notice, in April, 1902, of her daughter's fraudulent acts, or to keep her bank-book more securely than she did before she learned that her daughter had wrongfully obtained possession of it and drawn money upon it.   The plaintiff knew that by the by-laws of the bank " neither the principal nor interest of any deposit " would be paid to any person " unless the depositor's book " should be presented.   Upon learning of her daughter's acts she at once put the book where her daughter could not get possession of it.   Can it be said that ordinary care required the plaintiff to anticipate that her daughter, without having possession of the deposit-book, might continue to draw her money, by procuring, as she did, by fraud and forgery a new book to be issued ?

As to the plaintiff's alleged carelessness in leaving her bank-book where Mrs. Keith could obtain possession of it, it appears that she kept it locked with other valuable papers

in a bookcase drawer in the hallway on the second floor of her dwelling, with the key in her own sleeping-room. Can depositors in savings-banks be reasonably required, under ordinary circumstances, to take greater precautions in keeping their bank-books? And especially could the plaintiff be reasonably expected to take greater precautions to prevent her own daughter from obtaining possession of the book before she learned that she had wrongfully drawn money upon it?

But without deciding whether there was sufficient evidence to go to the jury upon the question of the plaintiff's negligence, had that been a material inquiry in this case, we hold that the bank would not have been exonerated from liability for payments negligently made by its officers to Mrs. Keith, even if the jury could have properly found, from the evidence, that the plaintiff was guilty of the claimed negligence. This is not an action based upon the negligence of the defendant, in which the plaintiff was required to prove that she exercised due care. It is an action to recover money deposited by the plaintiff with the defendant, and which the defendant contracted, as declared in the deposit-book, to repay to the plaintiff or to her order, or to her legal representative, upon presentation of the book. *Eaves* v. *People's Savings Bank*, 27 Conn. 229. From its absolute undertaking to pay to the depositor or his order, Article 15 relieves the bank, in cases of payments made in good faith and in the exercise of ordinary care to persons presenting the book, even though such payments are made upon forged orders. As we have already shown, no greater protection than this was intended to be afforded the bank by the provisions of Article 15. Even if the plaintiff was negligent, as claimed, that did not excuse the bank officers from exercising ordinary care to prevent one, who they knew was not a depositor, from obtaining money upon a forged order, nor relieve the bank from liability for payments negligently made to the wrong person. The question of contributory negligence is not involved in the case. If the bank officers failed to exercise ordinary care in making

the payments to Mrs. Keith upon forged orders, the bank was liable to the plaintiff for the sums so paid. If the officers exercised such care, the bank was relieved from liability by the provisions of Article 15 of its by-laws. *Geitelsohn* v. *Citizens' Savings Bank*, 40 N. Y. Supp. 662; *Brown* v. *Merrimack River Savings Bank*, 67 N. H. 549; *Ladd* v. *Augusta Savings Bank*, 96 Me. 510; *Ladd* v. *Androscoggin County Savings Bank*, Ibid. 520; *People's Savings Bank* v. *Cupps*, 91 Pa. St. 315.

If the alleged negligence of the plaintiff had been proved it would not have estopped her from claiming that the orders were forged, if the defendant was also negligent in not ascertaining that fact. If the bank officers were thus negligent, the facts would fail to show any such equity in the defendant as would enable it to invoke the principle of equitable estoppel against the plaintiff. *Morgan* v. *Farrel*, 58 Conn. 413, 427.

The trial court rightly declined to instruct the jury as to the effect, upon the question of defendant's negligence, of the particular facts referred to in the fourth request. The question was one of reasonable care under all the circumstances, and these facts, with others, were properly left to the consideration of the jury in determining whether the defendant had exercised that degree of care.

The plaintiff claimed that it appeared from the evidence that the defendant was guilty of negligence in failing to make proper examinations and comparisons of the handwriting and signatures of the orders and the letter, for the purpose of ascertaining whether they were genuine; in not having the signature of the plaintiff for reference and comparison; and in issuing a new bank-book to Mrs. Keith without requiring proper proof of the destruction of the first one, or attempting to ascertain whether the signatures to the bond presented by Mrs. Keith were genuine.

The question whether the bank officers were guilty of negligence in making these payments in the manner they did was one of fact, and was fairly submitted to the jury and decided against the defendant.

An examination of the evidence fails to convince us that the trial court erred in denying the defendant's motion for a new trial upon the ground that the verdict was against the evidence.

There is no error.

In this opinion the other judges concurred.