BRIDGET McALLIN *vs.* MARTIN McALLIN.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff's husband, who owned the dwelling-house in which she resided, conveyed it to his brother, the defendant, who immediately procured an *ex parte* temporary injunction, without bond, restraining her from remaining longer on the premises, from interfering with tenants, and from creating a disturbance. *Held:*—

1. That while the plaintiff's failure to leave the premises forthwith, in obedience to the injunction order, might have exposed her to proceedings for contempt, it did not justify the defendant in taking the law into his own hands and ejecting her and her goods by force.

2. That such an injunction ought not to have been issued, and much less *ex parte* and without bond.

The power which is vested in a court of equity to make injunction orders is essential to the well-being of society, but unless it is exercised with care and judgment, with a regard for recognized principles determining the right of such interference, and with something more than a perfunctory compliance with the statutory requirement as to bonds, the court may easily become the instrument of hardship and oppression.

The plaintiff claimed that the conveyance of the property was executed pursuant to a conspiracy between her husband and the defendant to wrongfully eject her from the premises. *Held* that she might inquire into the consideration for the conveyance, as tending to show the alleged conspiracy.

A defendant is not harmed by alleged errors of the trial court which related solely to a count upon which the verdict and judgment were in his favor.

Errors in admitting questions are not ground for a new trial, if the objection was to the form of the question only, or if the answers were favorable to the appellant or were too trivial and harmless to affect the result.

The admission in rebuttal of testimony which was properly a part of the case in chief is not ground for a new trial, if the testimony was relevant to the issues. The order of testimony is within the discretion of the trial court, whose ruling is not subject to review.

An assignment of error, that " the court refused to charge the jury in all respects as requested " by the appellant, does not comply with the statute (§ 802) requiring errors to be specifically stated; especially where there were fourteen requests covering four and one half pages of the printed record.

Argued October 28th—decided December 16th, 1904.

ACTION to recover damages for the unlawful and forcible seizure, removal and detention of household goods and furniture, brought to the Superior Court in New Haven County where a demurrer to the second defense was sustained (*Gager, J.*) and the cause was afterwards tried to the jury before *Ralph Wheeler, J. ;* verdict and judgment for the plaintiff for $558, and appeal by the defendant. *No error.*

*Charles S. Hamilton*, for the appellant (defendant).

*William B. Stoddard* and *Jacob P. Goodhart*, for the appellee (plaintiff).

PRENTICE, J. The plaintiff is the wife of the defendant's half-brother Daniel. For many years prior to January 1st, 1902, Daniel and his wife resided in the premises No. 576 East Street, New Haven, described in the complaint, which stood in the name of both. January 1st, 1902, Mrs. McAllin left her husband and remained away about four months. Prior to her return she had, through a third person, conveyed her interest in the premises to her husband, who at the time had gone to live with the defendant. The home at 576 East Street remained furnished as before. Shortly after the plaintiff's return the defendant and his brother Daniel visited a lawyer's office, where Daniel conveyed the premises to the defendant, the defendant executed a notice

McAllin v. McAllin.

directed to the plaintiff forbidding her to trespass, to inter-
fere with tenants and to create a disturbance, and papers
were prepared for the procurement of an injunction restrain-
ing the plaintiff from further remaining upon the premises,
interferring with tenants, or creating a disturbance. A tem-
porary injunction was on said day procured *ex parte* and
without bond, and both the notice and injunction papers
were served upon the plaintiff. As the plaintiff refused to
vacate the premises, Daniel, two truckmen and a policeman
appeared the same day and, against the will of the plaintiff,
removed the household goods from said premises. These
facts, claimed to have been proved by the plaintiff, were in
substance undisputed by the defendant.

The plaintiff claimed to have further proved that she and
Daniel were married about 1883; that she owned the house-
hold goods and furniture; that prior to her leaving home
trouble had arisen between herself and husband, some of
which concerned the premises in which they lived; that her
conveyance of her interest therein to her husband was for
the purpose of quieting this trouble; that she returned, hop-
ing that better conditions would exist; that the transfer of
the premises from Daniel to the defendant, and the other
transactions at and following the visit to the lawyer, were
made and had pursuant to a plot between the two brothers
to summarily evict her and her goods from the premises,
and that the acts attending the eviction were done and di-
rected by Daniel as the agent and under the directions of
the defendant. The plaintiff also claimed to have shown
that the removal of her goods was accompanied with acts of
violence to her person.

The defendant claimed to have proven that the goods re-
moved were the husband's; that the acts attending their re-
moval were his, and done without the knowledge, consent
or approval of the defendant; that the premises had been
rented to a tenant who desired to occupy, and that no per-
sonal violence was used.

The complaint is in two counts. The first alleges that
the defendant, with others acting under him, broke into a

dwelling-house in which the plaintiff was residing and forcibly thrust her therefrom. The second was one for a trespass to personal property, its language being in substance copied from the form prescribed for such an action in the Practice Act forms. *Form* 316. Upon the first count the defendant prevailed and had judgment. The plaintiff had judgment upon the second count only. The assignments of error, therefore, which relate solely to the first count—and there are not a few such—need not be considered. It is quite immaterial what mistaken views the court may have entertained or expressed to the jury as to the nature or scope of this count, or what erroneous rulings may have been made or instructions given with respect thereto, since they did not in the result harm the appellant.

All of the objections to the charge as given, which are pursued in the brief, save possibly one, relate to the claim made under the first count to recover for a violation of the sanctity of the person. It was assumed, whether rightfully or wrongfully is immaterial, that recovery could be had under that count for both a trespass to the land and to the person. The jury were told that the plaintiff disclaimed recovery for " any trespass upon or injury to the real estate," and limited her claim to injuries to her person and by the unlawful carrying away of her goods. The court then took up a discussion of the claim for personal injuries, which was treated as coming within the purview of the first count, and then passed to a consideration of the second count, and, thereunder, the plaintiff's claim for the unlawful removal of her personal property. Concerning this portion of the charge, which alone related to matters for which the plaintiff recovered, there is no complaint unless it be with respect to the instructions given concerning the effect of the injunction order. As a consideration of this subject is involved in our later discussion, it need not be here anticipated.

It is assigned as error that the court refused " to charge the jury in all respects as requested by the defendant." As these requests were fourteen in number and cover four and one half pages of the record, the statute requiring a spe-

cific statement of claimed errors (§ 802) has not been complied with.

The defendant complains of the exclusion, save for limited purposes, of the files and records in the injunction proceedings. In the charge the court seems to have treated this evidence as admitted generally, and said concerning the injunction order that it did not give the defendant additional rights or powers beyond those he had as the property owner. These instructions were quite correct. The failure of the plaintiff to obey the mandate of the court and to forthwith leave the premises, while it may have put her in peril of contempt proceedings, did not justify the defendant in taking the law into his own hands and ejecting the plaintiff or her goods. If the evidence could have availed the defendant, it would have been by way of justification only. Justification for such acts as were claimed to have been committed it could not be.

These injunction proceedings might thus be dismissed, but lest our silence be construed as conveying a *quasi* approval of the methods pursued, we feel constrained to add that the injunction is one which ought never to have been issued, much less *ex parte* and without bond. The high powers which are vested in courts of equity to make injunction orders are essential to the well-being of society, but unless the power is exercised with care and judgment, with a regard for recognized principles determining the right of such interference, and with something more than a perfunctory compliance with the statutory requirement as to bonds, courts may easily become the instruments of hardship and oppression.

Several objections are made to rulings admitting testimony in response to the plaintiff's inquiries. In one instance the evidence related to the first count only. In another the answer elicited was favorable to the defendant. In a third the objection was as to the form of a question. In a fourth the plaintiff was properly permitted to say that the goods removed were hers. The evidence relating to the removal of the goods was objected to as it was done in the defend-

ant's absence, for the reason that his authority had not been shown. The court correctly held that there was evidence from which such authority might be found, and therefore properly overruled the objection. Inquiry as to the amount paid in consideration of the conveyance to the defendant, was properly allowed, as tending to show the alleged conspiracy between the brothers, and Daniel's agency for the defendant in what was done. Certain evidence was admitted for the sole purpose of showing the bias of the witness Daniel. It might well have been admitted for a broader purpose. Evidence in rebuttal was objected to as not being in rebuttal, and apparently, although not clearly, as irrelevant. It was plainly relevant upon the matter of the circumstances leading up to and attending the plaintiff's departure from her home in January, 1902, which the defendant had gone into at length. The discretionary control which a trial court has as to the time and order of the admission of testimony is not subject to review. *Dubuque* v. *Coman*, 64 Conn. 475. The ground for the admission of the statement of the policeman present when the plaintiff's goods were removed, to the effect that he was sorry for her, does not clearly appear. Probably it was that upon which the ruling was justified in argument, to wit, as the statement of the defendant's agent, as the policeman was claimed to have been shown to be. But whatever the character or correctness of the ruling, the evidence admitted was of such a trivial and harmless character that the objection demands no consideration.

That the action of the court in sustaining the demurrer to the second defense, which was founded upon the injunction proceedings, was correct, sufficiently appears from what has been said as to their value as a justification.

There was no error in the refusal of the court to set aside the verdict as against the evidence.

There is no error.

In this opinion the other judges concurred.