## LOUIS DECKER *vs.* GOTTLIEB G. MANN.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

The grounds upon which an assignment of error rests must appear on the record, otherwise there is nothing for this court to consider.

An appellant cannot raise points in this court which are not covered by his reasons of appeal.

Under General Statutes, § 802, errors must be "specifically" stated in the reasons of appeal. Accordingly, an assignment that the trial court erred "in not charging the jury as requested" is insufficient where there were numerous requests covering a number of different subjects.

Argued May 9th—decided June 13th, 1907.

ACTION to recover a balance due for money loaned, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the plaintiff for $181, and appeal by the defendant. *No error.*

*A. Storrs Campbell,* for the appellant (defendant).

*Milton Bacharach,* for the appellee (plaintiff).

THAYER, J.. The only errors claimed in the appellant's reasons of appeal are that the court erred in its charge, first, " in that it did not instruct the jury as to the legal effect of the evidence tending to show that the defendant within six years before the commencement of the action had disputed the claims of the plaintiff " ; second, " in that it did not instruct the jury as to the legal effect of the evidence tending to show accord and satisfaction of the plaintiff's claim " ; and third, " in not charging the jury as requested."

The evidence referred to in the first assignment of error is not recited in the record; it does not appear that the court was requested to instruct the jury as to its legal effect, or that a proper consideration of the evidence by the jury called for such instruction. The assignment is clearly inadequate to raise the point, urged by the defendant's counsel, that payments made upon a disputed claim within six years before the bringing of the action would not suspend the running of the statute of limitations. .

The second assignment raises no question for consideration, because the record does not show that any evidence of an accord and satisfaction was offered upon the trial. '

The third assignment of error does not comply with § 802 of the General Statutes, which requires that the precise error claimed shall be specifically stated in the reason of appeal. A mere general statement, as that the court erred in charging as it did, or in refusing to charge as requested, where, as in this case, there were numerous requests covering a number of different subjects, is insufficient. This court has repeatedly refused to consider claimed errors which were attempted to be raised by such general assignments of errors. *Osborne* v. *Troup*, 60 Conn. 485, 490, 23 Atl. 157 ; *New England Merchandise Co.* v. *Miner*, 76 Conn. 674, 675, 58 Atl. 4; *Chase* v. *Waterbury Savings Bank*, 77 Conn. 295, 299, 59 Atl. 37 ; *McAllin* v. *McAllin*, 77 Conn. 398, 401, 59 Atl. 413 ; *Farrell* v. *Eastern Machinery Co.*, 77 Conn. 484, 493, 59 Atl. 611.. There is

therefore no question of law properly raised on the record for our consideration.

There is no error.

In this opinion the other judges concurred.