Davis, J.
The plaintiff in error contends that under the contract between the parties in this case, it cannot be held liable where payment was made upon presentation of the pass-book; and that, if this contention is wrong, the testimony in this case is not such as to, charge it with negligence.
These questions are new in this state although they have been the subject of frequent adjudication in other states. These adjudications have uniformly held, where that question was involved, that by-laws of a savings bank requiring the presentation of the pass-book and notice to the bank in case of the loss of the book, as conditions precedent to payment, are' reasonable, and when brought to the notice of the depositor, become a part of the contract between the bank and the depositor. But, notwithstanding the contract relations of the parties, it has been quite as uniformly held, and it does not appear to be controverted here, that the bank is bound to exercise good faith and reasonable care in making payment so that payment shall be made to the person entitled to receive payment; and this is so because public policy will not allow the bank to so strip itself of *345 responsibility by contract as. to enable it to safely pay, intentionally or heedlessly, to one who has come into possession of the pass-book fraudulently or criminally.
In this case the fact of negligence by the bank was submitted to, and found by, the jury; and we think properly so. The pass-book was not presented by the depositor, but by another person, by virtue of what purported to be the depositor’s written order. The teller of the bank, who paid the money, testified that he was not acquainted with the defendant in error, the depositor; that so far as he knew the latter had never been in the bank, except on the two occasions when he made deposits; that he was not familiar with his signature; and that he did not compare the signature to the order with the genuine signature in possession óf the bank. His only excuse for not scrutinizing the order and comparing the signatures is that he knew the man who presented the order and pass-book and that he had before cashed checks for him which had turned out to be good. This evidence was, of itself, sufficient to justify the court in submitting to the jury the question of good faith and reasonable care on.part of the'bank, and therefore the finding of the jury was conclusive upon that point and supports the judgment. Chase v. Waterbury S. Bank, 77 Conn., 295.
The plaintiff in error insists that since the bylaw required the depositor to give notice that his pass-book had been stolen or lost and provided that the bank should not be responsible in default of such notice and that “in all cases a payment upon presentation of a deposit book shall be a *346 discharge to the company for the amount so paid,” and since the defendant in error did not give notice of his loss prior to the payment, the bank is therefore discharged. Upon the assumption that the bank acted in good faith and in the exercise of due care this argument may be valid, otherwise it is not sound. If the bank may negligently or through bad motives pay to a thief who has possession of the bank book, because the owner has not given notice of a loss of which he is not then aware and of which he does not become aware for months afterwards, or if the bank may so pay in any case to a' person who is not lawfully entitled to receive payment, then the depositor has contracted away his right to protection in any case and the responsibility of the bank for good faith and reasonable care, which the law has imposed for reasons of public policy, is entirely futile.
Under the by-law which is the contract in this case, “payment upon presentation of a deposit book” could only be made to the depositor in person or to some person designated by his written order. It was not paid to him in person nor to any person designated by him. It was paid upon a forged order; and if not paid by the bank at its own peril, Ladd v. Augusta Savings Bank, 96 Me., 510, it was at least, as found by the jury, negligently paid to a person who had no right to the deposit.
The authorities cited by counsel for plaintiff in error are not applicable to the present case, because all of them, as we read them, are cases in which the bank was not negligent; and one of *347 them, Schoenwald v. Metropolitan Savings Bank, 57 N. Y., 418, has been distinguished several times, and so limited to the facts of that case that it cannot be regarded as of much value as an authority. Allen v. Williamsburgh Savings Bank, 69 N. Y., 314; Smith v. Brooklyn Savings Bank, 101 N. Y., 58; Kummel v. Germania Savings Bank, 127 N. Y., 488. The judgment is

Aíñrmed.

Price,- C. J., Shauck, Crew, Summers and Spear, JJ., concur.