This action was instituted by writ, summons and complaint dated July 3, 1942, wherein the plaintiff seeks damages in the amount of $200 and, in addition thereto: (1) An injunction against the service of an execution on a judgment of summary process; and (2) a temporary injunction to the same effect. The action is made returnable to this court on the first Tuesday of September, 1942.
On said July 3, 1942, the undersigned, as a judge of the Court of Common Pleas, said court not then being in session, issued a rule to show cause requiring the defendants to appear before him on July 8, 1942, and to show cause why the temporary injunction prayed for in said writ, summons and complaint should not issue against them. The officer's return, which is not questioned, recites that service was duly made on the defendant William H. Marigold, Jr. (a constable of the Town of Milford) and on Attorney William Gitlitz, who accepted service for the defendant Josephine Bencivenga.
The hearing was duly held before the undersigned, as judge aforesaid, on the morning of July 8, 1942, at the County Court House in New Haven.
It would serve no useful purpose to set out in detailed form the underlying facts of the matter. The allegations of fact contained in the complaint, with the exception of paragraph8 thereof, are not in dispute. *Page 411 
Plaintiff makes two claims of law: (1) The judgment of summary process rendered on June 16, 1942, is null and void; and (2) that in any event an "arrangement" entered into on June 16, 1942, between the defendant Bencivenga and the plaintiff in legal effect resulted in the creation of a new tenancy and that an eviction on and after July 1, 1942, would contravene the spirit and intendment of an act of the United States Congress commonly referred to as the "Rent Control Act."
In support of both claims plaintiff has cited authorities. Whether or not plaintiff is absolutely correct respecting both claims, or either one of them, is not for me to determine at this time. It is sufficient to say that if plaintiff is correct as to either, the withholding from him at this time the benefits of a temporary injunction would be to inflict upon him a wrong that could not be compensated for at a later date by a money award. I am bound, morally and legally, to recognize the fact that the obtaining of living quarters in Milford and elsewhere in Connecticut at this time is a serious problem for the head of a family. When it further appears that the landlord is not to be deprived of monthly income in the way of rent, a bona fide dispute as to the status of landlord and tenant should be allowed to remain in statu quo until a full and complete determination of the question be had in final proceedings after the case is in court. "A temporary injunction is a preliminary order .... granted at the outset or during the pendency of an action, forbidding the performance of the threatened acts described in the original complaint until the rights of the parties respecting them shall have been finally determined by the court." Deming vs. Bradstreet,85 Conn. 640, 659.
The requested temporary injunction is granted.
Pursuant to section 5899 of the General Statutes, Revision of 1930, I direct plaintiff to furnish a bond with surety satisfactory to me in the amount of $150 for reasons specified in said statute. See, also, McAllin vs. McAllin, 77 Conn. 398,402. Said bond may be patterned upon Form No. 458, Connecticut Practice Book (1934), p. 290.
 The order of temporary injunction, submitted by plaintiff on July 8, 1942, is hereby approved as to form and will issue upon plaintiff satisfying the bond requirement referred to in the preceding paragraph.