## FLORENCE ROBINSON
*vs.*
## MARGARET FITZPATRICK

Court of Common Pleas

MEMORANDUM FILED AUGUST 19, 1943.

*Franklin Coeller*, of New Haven, for the Plaintiff.

*William J. Carrig*, of New Haven, for the Defendant.

*James L. DeLucia*, Rent Attorney for the New Haven Defense Rental Area, Amicus Curiæ.

FITZGERALD, J. The within action is made returnable to the court on the first Tuesday of September, 1943. On July 31, 1943, the undersigned, as a judge of the Court of Common Pleas, said court not then being in session, issued a rule to show cause requiring the defendant to appear before him on August 18, 1943, and show cause why the temporary injunction prayed for in the plaintiff's complaint should not issue. So also a temporary restraining order was granted on said July 31, 1943, pending the outcome of the hearing on the preliminary merits. The officer's return discloses proper service upon the defendant. The hearing was duly held before the undersigned on the morning of August 18, 1943, at the County Court House in New Haven.

It appears that the defendant is the owner of the premises located at and known as No. 1097 Dixwell Avenue, in the Town of Hamden. Since July 1, 1940, the plaintiff has occupied living quarters on the second floor thereof as a tenant on a month-to-month basis. These quarters consist of three rooms wherein the plaintiff cooks, sleeps, etc. Plaintiff's occupation is that of a nurse, and she is in charge of the emergency room of the Safety Car Heating and Lighting Company, a corporation presently engaged in war work. Plaintiff's hours of employment are such as to make her subject to call at any time of the day or night, and her living quarters, for this reason, are, and should be, in close proximity to the scene of her labors.

Prior to July 31, 1943, plaintiff was served in an action of summary process instituted by the defendant, her landlord, in which the latter seeks possession of the living quarters occupied by plaintiff. This latter action was made returnable to a Hamden justice of the peace on August 3, 1943, and has been productive of the within action, with particular reference to plaintiff's pending motion for a temporary injunction against defendant's prosecution or continuance of the aforesaid summary process action. It is to be noted that the summary process action was not based upon any delinquency on the part of plaintiff respecting monthly rental payments due defendant as landlord.

The evidence has satisfied me that it is essential for the plaintiff to reside in the neighborhood of her present living quarters because of the exigencies of her occupation, which

include a location in proximity to her place of employment. So also the evidence has satisfied me that the plaintiff has made reasonable efforts to find other living quarters, but to no avail.

The defendant's opposition to the granting of the temporary injunction may be summarized as follows: (a) that she herself is desirous of living in the house; (b) that the first floor is already occupied by a tenant, and a State statute (Gen. Stat. [1930] §2613) would be violated if she were to live on the third floor and tenants were to occupy the first and second floors, as at present, because of certain statutory requirements respecting a rear or additional stairway not presently in existence; (c) that she is within her rights in having the plaintiff, an occupant-tenant on the second floor, vacate.

It appears that defendant is now employed as a domestic, which position carries with it as an incident living quarters in the household of her employment, which she has been utilizing. Hence there is no need for her at this time to seek an ouster of either the plaintiff or of the first floor occupant-tenant to make room for additional living quarters of her own on the premises in question.

We are living in a world in which the lights are temporarily dimmed. It is better, far better, that the defendant be confined for the present to a single living quarters at the place of her employment than for the plaintiff to have none whatsoever. This conclusion is consonant with the philosophy underlying the Emergency Price Control Act adopted by the United States Congress and the regulations promulgated from time to time by the Office of Price Administration respecting housing and rent regulations.

At the hearing Mr. Kenneth D. Rogers, Prosecuting Attorney for the Town of Hamden, was called as a witness for the defendant. During the course of his examination a question came up on the interpretation of section 2613 of the General Statutes, Revision of 1930. For the benefit of Mr. Rogers, I feel called upon to state my opinion as to the construction of this statute in the light of the case at bar. The statute seemingly requires that certain type buildings exceeding one story in height be provided with at least two inner stairways or outside fire escapes. As applied to the defendant's building, it would seem that she would require an inner stairway or fire escape *in addition to the present single stair-*

*way only if the house were to be occupied* "by more than two families" (quotation from statute). Coming closer to the facts of the case at bar, the statute is construed as having application *only* if the first, second and third floors of the building in question were occupied by one or more families; occupancy of the first floor by one family and the second floor by the plaintiff would not appear to be a violation of the statute *under the present single stairway arrangement.* If, however, the third floor were to be occupied by the defendant herself or by a family, in addition to the present occupancy of the first and second floors, then the statute would seem to be clearly violated by such an arrangement.

Further discussion is unnecessary.

The requested temporary injunction is granted (*Olcott vs. Pendleton,* 128 Conn. 292, 295; *Deming vs. Bradstreet,* 85 id. 650, 659; *Cummings vs. Bencivenga,* 11 Conn. Sup. 410), subject to the requirements of section 5899 of the General Statutes, Revision of 1930, *de* plaintiff's bond (*Paradisi vs. Caserta,* 9 Conn. Sup. 514, 520; *Cummings vs. Bencivenga, supra,* p. 411).

Bond in the amount of one hundred dollars; order to be served upon the defendant, after my approval and signature, not later than August 28, 1943; and to remain in full force and effect until further order of the court or of a judge thereof.