## NEDZMIJE MAMUDOVSKI *v.* BIC CORPORATION ET AL.
## (SC 17069)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 9—officially released October 5, 2004

*Francis P. Alvarez*, with whom, on the brief, was *Michael J. Soltis*, for the appellant (named defendant).

*John T. Bochanis*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Nedzmije Mamudovski, brought this action in three counts against the named defendant, BIC Corporation, the plaintiff's former employer.[1] The first count alleged negligence, based on an incident that had occurred on February 9, 1994, in which the plaintiff, having been notified of her discharge by the defendant and having been escorted to her car by the defendant's agents, fainted while driving her car from the defendant's premises and collided with a telephone pole. The plaintiff claimed that the defendant's agents were negligent in failing to prevent her from driving when they knew or should have known that it would not be safe for her to do so. The second count alleged retaliatory discharge in violation of General Statutes § 31-290a, in that the plaintiff's discharge was in retaliation for the exercise of her rights under the Workers' Compensation Act, and the third count alleged wrongful discharge in violation of public policy.

Trial was scheduled to begin on March 24, 2001. On March 21, March 27, March 28, April 3 and April 4, 2001, however, the trial court conducted hearings on certain preliminary matters. As a consequence of those hear-

---

[1] The plaintiff also named two employees of BIC Corporation, Steven Burgert and Joseph Costa, as defendants, but the plaintiff did not pursue any appeal as to those defendants. We therefore refer to BIC Corporation as the defendant.

ings, the court granted the defendant's oral motion for summary judgment on the first count of the plaintiff's complaint. The court's decision was based on its determination that a certain allegation in the second count of the plaintiff's complaint constituted a binding judicial admission that, at the time of the alleged incident, the plaintiff was injured in the course of her employment and that, therefore, she could not prevail on the negligence count. Thereafter, the jury returned a verdict for the defendant on the second and third counts of the plaintiff's complaint. Following the court's denial of the plaintiff's motion to set the verdict aside, the plaintiff appealed to the Appellate Court.

The Appellate Court reversed the judgment, concluding that: (1) the trial court improperly had granted the defendant's motion for summary judgment on the negligence count on procedural grounds, because the court had not complied with the rules of practice regarding motions for summary judgments, and that the plaintiff had not waived any such noncompliance; *Mamudovski* v. *BIC Corp.*, 78 Conn. App. 715, 724–26, 829 A.2d 47 (2003);[2] and (2) the trial court's ruling regarding the purported binding judicial admission was substantively flawed. Id., 729. Accordingly, the Appellate Court remanded the case for further proceedings on the negligence count. Id., 734.

We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the trial court improperly granted the defendant's motion for summary judgment with respect to the plaintiff's negligence claim?" *Mamudovski* v. *BIC Corp.*, 266 Conn. 915, 833 A.2d 467 (2003).

---

[2] The Appellate Court rejected, however, the plaintiff's claims directed at the second and third counts of her complaint. See *Mamudovski* v. *BIC Corp.*, supra, 78 Conn. App. 730–34.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.