KATHLEEN BIRCHARD *v.* CITY OF NEW BRITAIN
(AC 27831)

DiPentima, Gruendel and Harper, Js.

Argued April 23—officially released August 7, 2007

*Michael B. Pollack*, with whom, on the brief, was *Marisa A. Mascolo*, for the appellant (plaintiff).

*Irena J. Urbaniak*, city attorney, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Kathleen Birchard, appeals from the judgment of the trial court rendered after it granted the motion of the defendant, the city of New Britain, for judgment notwithstanding the verdict. She claims that the court improperly set aside the verdict in light of (1) the implied admissions contained in the defendant's answer and (2) the evidence presented to the jury.[1] We agree with the plaintiff's second claim and, accordingly, reverse the judgment of the trial court.

The relevant facts in this slip and fall case are as follows. On March 23, 2002, the plaintiff tripped on a cracked portion of the sidewalk in front of her residence at 55½ Trinity Street in New Britain, sustaining injuries to her right foot and arm, her right side and both knees. By letter dated April 18, 2002, the plaintiff notified the defendant of her injuries and the alleged cause thereof pursuant to General Statutes § 13a-149.[2] The plaintiff's complaint, filed on February 18, 2003, consisted of one count alleging that the defendant breached its statutory

---

[1] The plaintiff also claims that the court abused its discretion in denying her motion to open the evidence. We do not consider that issue in light of our conclusion that the court improperly set aside the verdict of the jury.

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

duty under § 13a-149.[3] An arbitrator decided the matter on July 1, 2005, awarding the plaintiff $11,660 in damages. The defendant thereafter requested a trial de novo.

A jury trial followed. The plaintiff's case-in-chief consisted solely of her testimony, augmented by a series of medical records and photographs of the sidewalk taken by the plaintiff. At the conclusion of her testimony, the plaintiff informed the court that she had no additional witnesses. Before proceeding further, counsel for the defendant inquired as to whether "the plaintiff had rested"; counsel for the plaintiff responded, "yes, the plaintiff will rest." The defendant then moved for a directed verdict, stating that "the plaintiff has rested, and there has been no evidence whatsoever that the area where the plaintiff allegedly fell was under the [defendant's] jurisdiction, and that [it] had a responsibility and a duty to maintain or repair that area." In ruling on that motion, the court stated: "I certainly understand [the defendant's position] in terms of the elements that are necessary to proceed, and there may be, in fact, some issue in that regard; nonetheless, there were some comments that were made by the witness on the [witness] stand, the plaintiff, which, if very liberally viewed, it might address the issue of duty on the part of the city . . . ." The court therefore reserved judgment on that motion pursuant to Practice Book § 16-37.

The defendant rested without presenting any evidence, and the matter was submitted to the jury, which returned a verdict in favor of the plaintiff.[4] The defendant subsequently filed a motion for judgment notwithstanding the verdict, reiterating its claim that the plaintiff failed to present evidence either that the defendant was in possession and control of the sidewalk or

---

[3] The plaintiff filed an amended complaint on November 20, 2003, that added a count against Leone Giannitti, her landlord. The plaintiff subsequently withdrew her action against Giannitti on August 9, 2004.

[4] The jury awarded the plaintiff a total of $10,211.82 in damages.

that it had a duty to maintain that area. By memorandum of decision dated June 21, 2006, the court concluded that "[i]n reviewing the totality of the evidence in the light most favorable to sustaining the verdict, including reasonable inferences therefrom, this court cannot find as a matter of law that there was sufficient evidence to enable the jury to identify the party which had the duty to maintain the property where the plaintiff fell. Any conclusion reached by the jury that the defendant had a statutory duty to maintain the property in question could only have been based on conjecture and speculation." The court therefore granted the defendant's motion and rendered judgment accordingly. This appeal followed.

I

We first address the plaintiff's contention that the court improperly granted the defendant's motion for judgment notwithstanding the verdict in light of the implied admissions allegedly contained in the defendant's answer to the plaintiff's complaint. She claims that the defendant's answer failed to comply with the pleading requirements of this state. "[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Citation omitted; internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 265 Conn. 79, 104, 828 A.2d 31 (2003).

Pleadings are intended to "limit the issues to be decided at the trial of a case and [are] calculated to prevent surprise." (Internal quotation marks omitted.) *Harris* v. *Shea*, 79 Conn. App. 840, 842–43, 832 A.2d 97 (2003); see also 71 C.J.S. 38, Pleading § 3 (2000) ("purpose of pleadings is to frame, present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial"). Practice

Book § 10-46 provides in relevant part that "[t]he defendant in the answer shall specially deny such allegations of the complaint as the defendant intends to controvert, admitting the truth of the other allegations, unless the defendant intends in good faith to controvert all the allegations, in which case he or she may deny them generally. . . ."

"According to the law of pleading, what is not denied is conceded." *Casey* v. *Galli*, 94 U.S. 673, 679, 24 L. Ed. 168 (1877); 71 C.J.S. 242, supra, § 193 ("material allegations of the complaint and material matters properly pleaded which are not denied . . . in the answer stand admitted"). Consistent with that principle, Practice Book § 10-19 requires that "[e]very material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless such party avers that he or she has not any knowledge or information thereof sufficient to form a belief." See also *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 736, 830 A.2d 228 (2003) ("the failure of a party to deny the material allegations contained in an adversary's pleading operates as an implied admission of that allegation"). Paragraph three of the complaint in the present case averred that "pursuant to . . . § 13a-149, the defendant . . . was under the duty to keep the public sidewalks . . . in repair and free of defects," and paragraph four alleged that the "public sidewalk hereinafter described . . . was within the territorial limits of and under the control of the defendant . . . ." In its answer, the defendant stated, as to both paragraphs, that the paragraph "is neither admitted nor denied, and the defendant leaves the plaintiff to her proof." That nonresponsive answer is unacceptable under our rules of practice.

In response to each allegation of a complaint, a defendant has three options. It may admit, deny, or plead that it "has not any knowledge or information thereof

sufficient to form a belief." Practice Book § 10-19; see also 1 E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 82 (c), p. 237 ("[e]very material allegation in the complaint which is not denied or answered by a plea of 'no knowledge' will be deemed admitted"); W. Horton & K. Knox, 1 Connecticut Practice Series: Practice Book Annotated (4th Ed. 1998) § 10-19, authors' comments, p. 343 (same). The defendant's answer in the present case did not admit or deny paragraphs three and four, nor did it state that the defendant lacked sufficient information to form a belief. It was, in essence, a refusal to respond. As such, it failed to comply with Practice Book § 10-19.

Our thorough review of the record reveals that the plaintiff at no time prior to this appeal raised any issue as to the sufficiency or effect of the defendant's answer. The question before us, then, is whether a trial court is bound by an implied admission pursuant to Practice Book § 10-19 that is not brought to its attention at any stage of the proceedings. We conclude that it is not.

A judicial admission dispenses "with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." (Internal quotation marks omitted.) *Pedersen* v. *Vahidy*, 209 Conn. 510, 519–20, 552 A.2d 419 (1989). For that reason, "[t]he statement relied on as a binding admission must be clear, deliberate and unequivocal." *National Amusements, Inc.* v. *East Windsor*, 84 Conn. App. 473, 482, 854 A.2d 58 (2004). By their very nature, implied admissions under Practice Book § 10-19 confound that requirement. We think it is both unfair and unworkable to require the trial court, in each and every civil action before it, to scour the pleadings in search of implied admissions. In *New England Merchandise Co.* v. *Miner*, 76 Conn. 674, 58 A. 4 (1904), our Supreme Court refused to decide a similar claim largely because the "claim was not made upon the trial . . . ." Id., 676; see also *Reese* v. *First*

*Connecticut Small Business Investment Co.*, 182 Conn. 326, 328, 438 A.2d 99 (1980) (failure to file answer held not to be implied admission because party did not raise issue at trial). We therefore conclude that the burden rests with the parties to bring to the court's attention an allegedly implied admission pursuant to Practice Book § 10-19. See, e.g., *Mamudovski* v. *BIC Corp.*, 78 Conn. App. 715, 720, 829 A.2d 47 (2003) (defendant filed motion for order confirming judicial admission during pretrial hearings), appeal dismissed, 271 Conn. 297, 857 A.2d 328 (2004). Because the plaintiff failed to do so in the present case, she cannot now complain.

## II

The plaintiff next claims that the court improperly granted the defendant's motion for judgment notwithstanding the verdict in light of the evidence presented to the jury at trial. We review the action of the trial court in rendering judgment notwithstanding the verdict "in the light most favorable to the plaintiff. . . . Motions to remove the verdict from the jury are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion. . . . If, on the evidence as presented and under the pleadings, the jury could have reasonably found in accordance with the verdict as rendered, then it cannot be set aside as against the evidence." (Citations omitted; internal quotation marks omitted.) *Gedeon* v. *First National Supermarkets, Inc.*, 21 Conn. App. 20, 23, 571 A.2d 123, cert. denied, 215 Conn. 804, 574 A.2d 220 (1990).

The plaintiff's action was brought pursuant to § 13a-149, which "provides a limited exception to the doctrine of governmental immunity, allowing recovery of damages from towns and cities for injuries due to defective roads." *Mazurek* v. *East Haven*, 99 Conn. App. 795, 800 n.2, 916 A.2d 90, cert. denied, 282 Conn. 908, 920 A.2d

1017 (2007). An action pursuant to § 13a-149 is a statutory cause of action, as distinct from one sounding in negligence. *Prato* v. *New Haven*, 246 Conn. 638, 645, 717 A.2d 1216 (1998). To trigger its application, "the party whom the plaintiff is suing must be the party bound to keep [the location where the injury was sustained] in repair." (Internal quotation marks omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 740, 709 A.2d 2 (1998). In *Novicki*, this court explained that "[o]wnership of the property does not establish liability under § 13a-149 . . . . Rather, it is the governmental entity charged with the duty . . . to keep [the property] in repair . . . or the party bound to keep [the property] in repair . . . on which the [statute] impose[s] liability under certain circumstances." (Citations omitted; internal quotation marks omitted.) Id., 742; see also *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 314–15, 763 A.2d 1058 (2001).

The plaintiff's complaint alleged both that the property in question was a public sidewalk and that the defendant had a duty to maintain that sidewalk.[5] At trial, the jury heard the plaintiff's testimony, in which she stated that on the basis of her personal knowledge, the property in question was a public sidewalk. The plaintiff also testified that the defendant had a duty to maintain that property.[6] Significantly, the defendant did not object to any of the aforementioned testimony.

[5] The complaint alleged that "the public sidewalk hereinafter described . . . was within the territorial limits of and under the control of the defendant" and that "pursuant to . . . [General Statutes] § 13a-149, the defendant . . . was under the duty to keep the public sidewalks . . . in repair and free of defects."

[6] Specifically, the plaintiff testified in response to a question by counsel for the defendant as to why she had never complained to the defendant about the alleged defect prior to her fall: "[I]n the beginning, when I saw it, I thought it was the landlord's responsibility, and the landlord . . . told me no, it was the city's. So, I figured that, you know, [the defendant] would already know about it because that's [its] responsibility . . . . ."

When it elected to rest without submitting any evidence to the jury, the defendant left uncontroverted the plaintiff's testimony. See *Savoie* v. *Daoud*, 101 Conn. App. 27, 37–38, 919 A.2d 1080 (2007) (whether there was underlying basis for witnesses' testimony, witnesses' express, unchallenged statement became part of evidence, and trier of fact was free to use that testimony for whatever it deemed its worth because plaintiff did not object to testimony); *State* v. *Jeffreys*, 78 Conn. App. 659, 677–81, 829 A.2d 569 (single unchallenged, affirmative statement that subject apartment complex was public housing project sufficient to support defendant's conviction of possession of narcotics with intent to sell within 1500 feet of public housing project where defendant failed to object to testimony, cross-examine witness on issue or request offer of proof as to witness' qualifications to testify as to such), cert. denied, 266 Conn. 913, 833 A.2d 465 (2003); *In re Jose M.*, 30 Conn. App. 381, 390, 620 A. 2d 804 (testimony became part of evidence and properly considered by fact finder where respondent failed to object to question or request answer be stricken), cert. denied, 225 Conn. 921, 625 A.2d 821 (1993).

After the jury returned a verdict in favor of the plaintiff, the defendant moved for judgment notwithstanding the verdict, alleging that the plaintiff had presented no evidence to support the verdict. The court agreed and set aside the jury's verdict as being against the evidence. In its memorandum of decision, the court acknowledged the plaintiff's testimony before the jury. In a mere sentence, it nevertheless dismissed that evidence as "self-serving [statements that] constituted a legal conclusion as opposed to the presentation of factual evidence."

It bears repeating that "[i]f, on the evidence as presented and under the pleadings, the jury could have reasonably found in accordance with the verdict as

rendered, then it cannot be set aside as against the evidence"; (internal quotation marks omitted) *Gedeon* v. *First National Supermarkets, Inc.*, supra, 21 Conn. App. 23; a point recited by the statement of law in the court's memorandum of decision. It also is well established that the court cannot substitute its judgment for that of the jury when there exists sufficient evidence to support the jury's verdict. See, e.g., *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995). That fundamental precept stems from the "absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of the witnesses." (Internal quotation marks omitted.) *State* v. *Smith*, 99 Conn. App. 116, 136, 912 A.2d 1080, cert. denied, 281 Conn. 917, 917 A.2d 1000 (2007).

In the present case, the jury was free to credit the plaintiff's testimony and to determine whether it was self-serving. Moreover, the jury was *not* presented with conflicting evidence. Rather, it was presented with uncontested evidence that the property was a public sidewalk that the defendant was bound to keep in repair.[7] In light of that evidence, we conclude that the court improperly rendered judgment notwithstanding the verdict of the jury.

The judgment is reversed and the case is remanded with direction to render judgment in accordance with the verdict of the jury.

In this opinion the other judges concurred.

---

[7] Although the existence of a duty is a question of law; see, e.g., *Mendillo* v. *Board of Education*, 246 Conn. 456, 483, 717 A.2d 1177 (1998); the jury heard testimony that both the plaintiff and her landlord, Leone Giannitti, knew that maintenance of the sidewalk was the responsibility of the defendant. In determining whether a duty existed, the jury was entitled to rely on that evidence.