*In re* APPEAL OF THE MAPLEWOOD COAL COMPANY.

*Opinion filed December 22, 1904.*

1. TAXES—*only question on appeal from decision of board of review is liability of property to taxation.* In a proceeding in the Supreme Court to review the decision of the board of review the only question for consideration is whether the property is liable to taxation, and not whether it was correctly valued.

2. SAME—*presumption is in favor of legality of assessment.* One seeking to overthrow the decision of the board of review must affirmatively show sufficient grounds for so doing, as the presumption is in favor of the regularity and legality of the assessment.

3. SAME—*mining rights are real estate and are taxable as such.* Mining rights are real estate and should be taxed as such to the owner thereof.

4. SAME—*effect where mining rights are assessed to owner of soil.* The fact that land is assessed for its full value, including mining rights, to the owner of the soil, does not release a purchaser of such mining rights from liability for taxes thereon assessed to him after the severance, since the over-valuation can be complained of only by the person affected.

AUDITOR'S certificate of appeal from decision of board of review of Fulton county.

CHIPERFIELD & CHIPERFIELD, for appellant.

H. J. HAMLIN, Attorney General, for board of review.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the action of the board of review of Fulton county in assessing certain property to appellant, and certified to us by the State Auditor.

Appellant is operating a coal mine in Fulton county upon lands leased from the Horace Clark & Sons Company, and owns the machinery, consisting of engines, boilers and hoisting apparatus, cars, mules and tools. It presented to the assessor a schedule of its property, but the assessor not being

satisfied therewith declined to make the assessment upon such schedule and referred the same to the board of review for its action. Appellant was cited before that board and upon a hearing was assessed, and three items are complained of. The items are: (1) twenty-five mules, at $1000; (2) investments in real estate and improvements thereon, $1200; and (3) coal rights in lands, $17,300.

The complaint as to the first item is that the assessment is too great. With that question we have nothing to do. The statute conferring authority to appeal, and on this court to consider appeals, confines our inquiry to the sole question of whether the property is liable to taxation.

Concerning the second item, appellant's president and general manager testified that the tipple, boiler house and buildings at and around the shaft were, in his opinion, real estate and worth $1200,—the amount of the item objected to. He says they were constructed and held there under an agreement with the Clark & Sons Company, that if appellant, as lessee, has performed certain conditions mentioned in the lease between the Clark & Sons Company and appellant, the latter may remove the same. The witness does not make himself very clear in regard to this item and the lease was not introduced in evidence. The board was not confined to the statement of appellant's witness, who alone testified, but could act upon information coming to it from other sources or upon its own knowledge. If appellant leased the right to mine and operate certain mining rights owned by the Clark & Sons Company, with the agreement that appellant should construct the buildings necessary thereto and upon complying with the conditions of the lease should have the right to remove the buildings, the latter were personal property and the property of appellant until it had been determined that appellant had forfeited its rights, when the buildings would become attached to and a part of the realty by reason of the forfeiture. Appellant does not make this matter so clear that it may not be reasonably and fairly inferred that the facts

were as we have above presumed they might be, and we are unable to say that the property was not liable to assessment as belonging to the appellant.  The burden is upon appellant. It is complaining of the official acts of the board designated by the law to make the assessment.  The presumptions are all in favor of the regularity and legality of the assessment, and one seeking to impeach it must affirmatively show sufficient grounds for doing so.

The third item consists of about eight hundred acres of coal rights owned by appellant in fee.  These coal "mining rights" had been purchased from the owners of the surface, and are described as vein No. 5 under certain lands in Fulton county.  A list of the lands under which the coal lies was agreed upon and is contained in the record, and it appears that appellant paid $30 per acre for such coal rights.  By the board of review the property was scheduled and assessed as personal property.  Appellant contends that it is not subject to taxation and cannot be assessed to it at all, and if it is subject to taxation it must be assessed as real estate.

. The argument that the property is not subject to taxation proceeds upon the ground that as our statute requires that lands be assessed quadrennially, and as the last assessment of land was made in 1903, at which time, it is argued, the lands under which these mining rights lie were assessed for their full value, including the mining rights, therefore, if the mining rights be assessed to appellant, there would be a double taxation of the same property.  The evidence taken only shows that three hundred and fifty acres of these rights were purchased since 1903, but if it showed that they were all purchased since that time we do not think the contention of appellant should be admitted.  By the purchase of the mining rights by appellant there was a separation of such rights from the land, as declared by section 7 of chapter 94, (Starr & Cur. Stat. 1896,) in such a manner, as declared by the statute, that "any sale of the land for any tax or assessment shall not include or affect such mining right."  If effect is to

be given to this provision of the statute and the contention of appellant is to be admitted, then the land of the proprietor, owning all except the mining right, can be sold for the tax due from appellant and its interest in the land not thereby be affected. It would be manifestly unjust so to construe the language, and we do not think the argument warrants such construction. The evidence does not show that the assessment of the land included the mining right. The only evidence upon that subject was a copy of the assessment roll assessing the property to the original proprietor. If, however, as a matter of fact, the property is assessed to the original proprietor, including the land and the mining rights, which belong to appellant, it is the fault of the proprietor. He has his remedy, and if he does not elect to avail himself of it, but permits an excessive assessment to the extent that appellant's mining rights depreciated the value of the land, it is not for appellant to complain for him. He alone can make that complaint. The law requires that appellant shall be assessed upon its property, and it cannot urge that because some other property holder is assessed enough higher than he ought to be, to make up the tax that appellant ought to pay, therefore appellant ought not to pay any tax.

That appellant's mining rights, as here involved, are real estate and should be taxed as such seems so well settled by previous decisions of this court that that question hardly requires further discussion. *In re Major*, 134 Ill. 19; *Consolidated Coal Co.* v. *Baker*, 135 id. 545; *Sholl Bros.* v. *People*, 194 id. 24.

It was error to list and assess this property on the personal property schedule. It should have been assessed as the mining rights in the lands, describing them, in which case the mining rights can be sold for the taxes as other lands. In this regard the assessment is not approved. In all other respects it is approved.

*Assessment sustained in part.*