*In re* TAX OBJECTIONS OF NORBERT L. HUTCHENS.—(JAMES A. COCKERILL, County Collector of Scott County, Petitioner-Appellee, *v.* NORBERT L. HUTCHENS, Objector-Appellant.)

(No. 13382;

Fourth District—January 22, 1976.

Hutchens and Mann, of Winchester (Richard E. Mann, of counsel), for appellant.

William S. McKenzie, State's Attorney, of Winchester, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Petitioner James A. Cockerill, County Collector for Scott County, filed application in the circuit court of that county for judgment against certain lots and lands for delinquent real estate taxes for the year 1973. Among the property against which judgment was sought was "a cabin on leased land" in described section of a congressional township. Objector Norbert L. Hutchens was listed on the tax records as the owner of the cabin. He paid under protest the tax of $64.02 extended against the property and filed objection to the application of the collector. After hearing, the court overruled the objection. Objector appeals.

The land upon which the cabin stood was leased by objector from Louis Pessina for a period of 5 years beginning March 1, 1972. The cabin was purchased by objector and transported to the premises where it was set upon pillars made of concrete blocks and shimmed up with shingles. The lease provided that objector might remove the cabin at the termination of that lease. For the year 1972 the cabin was assessed as personal property. In 1973 it was assessed and taxed as real estate. Both years this leased land upon which the cabin had been placed was listed on the tax records in the name of Louis Pessina and assessed and taxed as real property. In overruling the objection, the trial court found the cabin to be sufficiently attached to the land to "have become a part of it." That court ruled that neither the fact that the cabin could be removed without substantial damage to the land nor the right that objector had to do this prevented the cabin from being part of the real estate. *Ayrshire Coal Co. v. Property Tax Appeal Board,* 19 Ill.App. 3d 41, 310 N.E.2d 667, and *United States v. 19.86 Acres of Land* (7th Cir. 1944), 141 F.2d 344, 151 A.L.R. 1423, were cited as authority to support the ruling.

There is no dispute that the terms "real property" and "real estate" include not only land but also "all buildings" and "other permanent fixtures" located "thereon" (Ill. Rev. Stat. 1973, ch. 120, par. 482(13)). The trial court found that the manner of the placement of the cabin on

blocks and a provision of the lease for plumbing connections between the cabin and a septic tank and a well sufficiently attached the cabin to the land to "become a part of it." That court also ruled that neither the lease provision that objector could remove the cabin nor the fact that this could be done without substantial damage to the land prevented the cabin from being part of the real estate. In arguing contrary to this ruling, objector cites the case of *In re Maplewood Coal Co.*, 213 Ill. 283, 72 N.E. 786. There, as here, buildings were erected on leased land by a lessee under a lease which authorized it to remove the buildings. The Supreme Court held as a matter of law that the buildings were personal property taxable to the lessee. We are aware of no Illinois case holding directly to the contrary.

In *19.86 Acres of Land*, an owner of land with a building on it sold the building to another party so that party might dismantle the building. The contract of sale provided that the building be treated as personalty. Subsequent to the sale, the Federal Government brought suit to condemn the land and the building. The separate owners of the land and building were joined as parties. The trial court allowed a motion to dismiss the complaint as to the owner of the building on the theory that the contract had made the building personal property and thus not subject to condemnation. The Circuit Court of Appeals for the Seventh Circuit reversed. It held that Illinois law was applicable and that under that law the building was real estate despite the contract provision. Recently, in *Ayrshire Coal Co.* heavy mining equipment firmly attached had been sold to Ayrshire on a conditional sales contract which provided that the equipment be not considered a fixture and that the seller might separate any part of the equipment from the real estate in order to repossess parts of the equipment upon default by the purchaser. The equipment was held to be properly considered as part of the real estate for purpose of assessing for real property taxes. The court stated:

> "Where property is adapted to the use to which the realty is devoted the use thereof in such manner furnishes such strong evidence of intent to make it a part of the freehold as not to be overcome by bookkeeping practices." 19 Ill.App.3d 41, 46, 310 N.E.2d 667, 671.

■■ Valid business and economic reasons exist for recognizing "bookkeeping practices" and agreements between landlord and tenant and seller and purchasers concerning whether buildings and machinery shall be considered personal property and whether the same may be removed as far as the rights of the parties to the agreements and some third parties are concerned. We agree with the ruling in *Ayrshire Coal Co.*, however, that such practices and agreements are no longer controlling

as far as property taxes are concerned. The finding of the trial court that the cabin was part of the real estate was not contrary to the manifest weight of the evidence.

■■ Objector contends that even if the cabin is part of the real estate, it should not have been assessed and taxed as a separate entity. Rather, he maintains, its value should have been included in the assessment of the tract listed in the name of the landlord. Petitioner's counter-argument relies on language in *19.86 Acres of Land*. There, as partial authority for the proposition that a building is real estate, the court noted that section 43 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 524) then as now provided that assessors in making quadrennial assessments shall "separately" fix the value of "lands and improvements" and set these items down "in separate columns" on the assessor's books. Section 43 clearly indicates, however, that the separate determination of the value of land and improvements is all part of the valuation of a particular tract of real estate. Although that case does recognize a separate ownership of a building treated as real estate and the land on which it lies, we do not consider that case as authority for a rule that in Illinois such entities are to be separately assessed and taxed. Such a ruling would be contrary to the scheme of assessment and taxation of real property as provided by the Revenue Act of 1939 as amended (Ill. Rev. Stat. 1973, ch. 120, pars. 482 to 810). Sections 1(23) and 30 of the Act indicate that the phrase "legal description" has reference to an area of land. Both sections 30 and 43 provide for the listing of real estate by "legal description" for assessment purposes. Section 160 provides for a collector's book upon which the county clerk extends taxes against a "lot or tract of land." In this case, petitioner, the county collector, sought a judgment for unpaid real estate taxes. The petition was brought pursuant to section 225. That section concerns a judgment to be obtained against "land and lots." Section 238 *et seq.* in describing the tax sale pursuant to the judgment sought here speak in terms of tracts of land and lots. If no redemption is made from the tax sale, the purchaser may eventually be entitled to a deed. Section 268 provides that this deed must list the legal description of the "real estate conveyed." The listing of a building as a separate entity of real estate to be taxed does not meet the statutory requirements for assessment or extension of the tax nor for the enforcement of the tax by judgment and sale.

Taxing a building as real estate but as a separate entity from the land upon which it lies is to be distinguished from taxing the mineral interest in a tract as real estate separate from the other interests in

the real estate (*Maplewood Coal Co.*) or the taxing of a leasehold of the entire tract. In those cases, the scheme of the Revenue Act would not prevent the description problems involved here. Our ruling here is consistent with the majority view as set forth in 84 C.J.S. *Taxation* § 72(b), at 182 (1954). *Oskaloosa Water Co. v. Board of Equalization* (1892), 84 Iowa 407, 51 N.W. 18, is the only case called to our attention which has permitted the taxation of a building as real estate separate from the taxation of the land on which it lies when no question of tax exemption of any interest in the property is involved.

The judgment of the trial court overruling the objection is accordingly reversed.

Reversed.

TRAPP, P. J., and SIMKINS, J., concur.