SHOWPLACE THEATRE COMPANY, Plaintiff-Appellee, v. THE PROPERTY TAX APPEAL BOARD, Defendant (The McHenry County Board of Review *et al.*, Defendants-Appellants).

Second District    No. 2—85—0510

Opinion filed July 15, 1986.

Theodore Floro, State's Attorney, of Woodstock, and David N. Stone, of Deenen, Stone & Neese, of Woodstock, for appellants.

William M. Franz and Sandra S. Kerrick, both of Franz, Naughton & Leahy, of Crystal Lake, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Showplace Theatre Company, sought review of the tax assessment on its real property. The board of review upheld the assessment, and plaintiff appealed to the Property Tax Appeal Board (PTAB), specifically designating that it was appealing the valuation of the land. The PTAB reduced the amount assessed for plaintiff's property. Plaintiff then filed a petition for administrative review (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) in the circuit court of McHenry County. The circuit court reversed the PTAB's determination of the value of the improvements, stating that the PTAB was without jurisdiction to make a determination as to the valuation of the improvements. Defendants appeal this ruling.

The circuit court's conclusion that the PTAB did not have jurisdiction to increase the improvement portion of the assessment rested on its determination that plaintiff had appealed only the assessed valuation of the land. Thus, the court found that the only issue properly presented to the PTAB was whether the land had been properly assessed, not whether the improvements had been properly assessed. We do not agree.

Plaintiff was originally assessed $47,240, with the land valued at $36,300 and the improvements valued at $10,940. The board of review upheld this assessment. Plaintiff then appealed to the PTAB, alleging only that the land had been overassessed. A hearing was held at which the county requested the PTAB to uphold the board of review's determination. Plaintiff argued that the assessment had been based on a comparison to properties which were so dissimilar as to make a valid comparison impossible. Plaintiff suggested that the most recent sale of the property offered a value which could be used for assessment purposes. The property sold for $210,000, and plaintiff suggested that the land was worth approximately $100,000 of that amount. An affidavit by Jeffrey Rhyan, president of plaintiff corporation, stated that the purchase price of $210,000 had included $91,000 allocated for the land and $119,000 allocated for the two buildings, a

restaurant and bar business, and restaurant and bar equipment and furniture. The affiant further stated that the restaurant and bar were closed, but that the house was being rented for $400 per month. The PTAB applied a 17.1% level of assessment to the figures supplied in the affidavit, and valued the land at $15,561, and valued the improvements at $20,349, for a total assessment of $35,910.

The issue presented is whether plaintiff could appeal from the land valuation only, thereby limiting the PTAB's jurisdiction to a determination of the value of the land. Defendants argue that the PTAB had jurisdiction to determine the value of both the land and the improvements, because plaintiff put the entire assessment for the real property into question by its appeal. Section 111.1 of the Revenue Act of 1939 provides that any taxpayer dissatisfied with the decision of the board of review as to the assessment of property for taxation purposes may appeal that decision within 30 days to the PTAB. (Ill. Rev. Stat. 1985, ch. 120, par. 592.1.) Plaintiff argued, and the circuit court agreed, that because plaintiff had appealed only the land assessment within 30 days, the PTAB had no jurisdiction to consider or determine the value of the improvements.

■ Section 111.1 of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 592.1) clearly provides that the PTAB may review property assessments appealed to it. The Act clearly indicates that real property includes not only land, but also the improvements on the land. Real property is defined as:

"[n]ot only the land itself, whether laid out in town or city lots, or otherwise, with all things contained therein, but also all building, structures and improvements, and other permanent fixtures ***." (Ill. Rev. Stat. 1985, ch. 120, par. 482(13).)

Thus, an appeal to the PTAB of a property assessment would include both the land and the improvements. While section 43 of the Revenue Act provides that the assessed value of the land shall be set down separately from the assessed value of improvements (Ill. Rev. Stat. 1985, ch. 120, par. 524), this does not change the fact that together those assessed values constitute a single assessment of the property. *In re Tax Objections of Hutchens* (1976), 34 Ill. App. 3d 1039, 1042, 341 N.E.2d 169, 171.

In fact, what plaintiff has attempted to do is to bind the PTAB to part of the computation employed by the board of review. Specifically, plaintiff seeks to limit the PTAB to the board of review's determination of the value of the improvements, a computation necessary to the determination of the assessed value of plaintiff's real property. In *Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102

Ill. 2d 443, 468 N.E.2d 948, the PTAB determined that plaintiff's personal property had been overassessed and the PTAB valued the property at approximately one-half of what it had been assessed. The supreme court noted that it was necessary, once the real property assessment was appealed, to calculate the amount of personal property at plaintiff's plant in order to subtract it from the cost of the plant and arrive at a correct figure as to the assessed value of plaintiff's real property. (102 Ill. 2d 443, 461, 468 N.E.2d 948, 955-56.) The court specifically indicated that the board of review's decision as to that calculation was not binding, and, in fact, need not even be accorded a presumption of correctness. (102 Ill. 2d 443, 464, 468 N.E.2d 948, 956-57.) Similarly, in the instant case, it was necessary to calculate the entire assessment by valuing the improvements as well as the land, and the board of review's determination as to the value of the improvements was not binding on the PTAB.

By seeking review of the tax assessments as to its real property, plaintiff could not limit the review to those portions of the calculations necessary to a final determination of assessed value. In this regard, we must reject plaintiff's argument that even if the PTAB could determine the value of improvements, the finding must still be reversed because plaintiff was without actual notice that the PTAB could redetermine the value of the improvements. The clear wording of the statutes under which plaintiff chose to appeal was sufficient to put plaintiff on notice about what was at stake in an appeal of a tax assessment. Plaintiff chose to avail itself of the right to appeal and cannot now complain of the court's consideration of the entire matter appealed.

Plaintiff's alternative basis for requesting the circuit court to reverse the PTAB's valuation of the improvements rested upon its argument that the agency's finding in this regard was against the manifest weight of the evidence. A court's function on administrative review is to determine whether the board acted within and according to the statute creating it, and whether or not there is evidence to support its decision. (*Hall v. Property Tax Appeal Board* (1981), 98 Ill. App. 3d 824, 827, 424 N.E.2d 375, 377.) Findings of fact by the PTAB are considered *prima facie* true and correct and are not to be set aside on administrative review unless they are against the manifest weight of the evidence, or if they are not supported by competent evidence. *Cherry Bowl, Inc. v. Property Tax Appeal Board* (1981), 110 Ill. App. 3d 326, 328, 426 N.E.2d 618, 620.

Having decided that the PTAB acted within its statutory authority in recomputing the value of improvements, we turn to the

question of whether this determination of value was based on competent evidence, or whether it was against the manifest weight of the evidence. The only evidence of value of the improvements introduced by defendants was through the assessor's testimony that plaintiff's building and business had a minimal value. Despite this evidence, we hold that the assessment was not against the manifest weight of the evidence. Plaintiff introduced evidence showing that the purchase price of the property had been $210,000. Despite the fact that plaintiff claimed that the amount of land involved in this assessment was less than the amount covered by the purchase price, a fact disputed by the assessor, and despite a sworn affidavit indicating that the figure included a restaurant and bar business which was no longer operating, plaintiff suggested that the total price was an appropriate figure for consideration in assessing the property. Plaintiff even suggested that the land should be valued at $100,000, rather than the $91,000 figure allocated to land in the purchase price, despite of its contention that the amount of land assessed was less than the amount of land purchased.

We cannot say that the figures used by the PTAB in assessing plaintiff's property were against the manifest weight of the evidence. Accordingly, we reverse the judgment of the circuit court of McHenry County.

Reversed.

NASH, P.J., and UNVERZAGT, J., concur.