573 So.2d 14 (1990)
COUNTRYSIDE COUNTRY CLUB, INC., Appellant,
v.
Jim SMITH, As Property Appraiser of Pinellas County, Florida; and O. Sanford Jasper, As Tax Collector of Pinellas County, Florida, Appellees.
No. 90-00223.
District Court of Appeal of Florida, Second District.
November 9, 1990.
Rehearing Denied January 18, 1991.
*15 Beth E. Antrim-Berger and John C. Dent, Jr. of Dent & Antrim-Berger, P.A., Sarasota, for appellant.
Benjamin K. Phipps, Tallahassee, for appellee Smith.
SEALS, JAMES H., Associate Judge.
This is an appeal from a final judgment in favor of the Pinellas County Property Appraiser, Jim Smith (Smith), and from an order denying judgment for appellant/taxpayer, Countryside Country Club, Inc. (Countryside), on its motion for summary judgment. The circuit court entered a partial summary judgment invalidating and setting aside the ad valorem tax assessments on Countryside's golf course and country club property for 1985, 1986, and 1987; but it refused to enter summary judgment establishing values based upon the remaining evidence in the record.
We affirm.
The invalidated assessments ($4,558,300 for 1985 and $4,791,600 for both 1986 and 1987) had been done by Smith's predecessor in office. After the trial judge set aside these assessments, and while the valuation issue was pending before the court in the same action, Smith reappraised the property and notified the court that the property had been reassessed at $3,634,000 for 1985, $3,938,000 for 1986, and $3,936,000 for 1987. Countryside did not agree with these valuations either and moved to strike them as both a reassessment of the property and as evidence of its just value. The motion was denied. The case was tried under the trial judge's ruling that the new values were clothed with the presumption of correctness, thus restoring to Countryside the burden of overcoming every reasonable hypothesis of a legal assessment. Colding v. Klausmeyer, 387 So.2d 430 (Fla. 2d DCA 1980). Witnesses testified that Smith considered all of the statutory criteria for just valuation, including all three approaches to valuation: market, cost and income. Countryside presented in greater detail the same evidence it offered at summary judgment, which relied solely upon the income approach. The circuit court entered a final judgment for Smith finding that Countryside failed to carry its burden and ordered the reassessments to stand. This appeal timely followed.
We find the summary judgment appealed here to be correct in all respects. Although no one questions the trial judge's finding that Smith predecessor's assessments were invalid, Countryside contends that the trial judge should have granted a summary final judgment adopting its income approach valuations as the just values. When the circuit court has jurisdiction, pursuant to section 194.171, Florida Statutes (1987), to establish just values for ad valorem tax assessments, it is bound to *16 follow the same statutory criteria as are the Property Appraiser and the Property Appraisal Adjustment Board. See Art. VII, § 4, Fla. Const. The statutory criteria for the obtainment of just value is section 193.011, Florida Statutes (1987). In the well-reasoned opinion in Bystrom v. Equitable Life Assurance Society, 416 So.2d 1133 (Fla. 3d DCA 1982), review denied, 429 So.2d 5 (Fla. 1983), the third district held that the constitutional mandate to follow section 193.011 applied to the Property Appraisal Adjustment Board in the administrative review process. It logically follows that the circuit court has that same mandate in the judicial review process. Therefore, when the taxpayer has met his burden of overcoming the presumption of correctness of either the Property Appraiser's valuation or the Property Appraisal Adjustment Board's valuation, the court must then apply section 193.011 standards in determining a just value. See Bystrom, 416 So.2d at 1140-42. In the instant case the record lacked sufficient evidence for the court to make that determination on Countryside's motion for summary judgment, so it properly denied that portion of the motion and set for trial the issue of just value.
By "reassessing" the property during the pendency of this action in circuit court, Smith presented the trial court with a very unusual problem: whether the Property Appraiser can reassess property while the circuit court has jurisdiction to determine just value and thereby regain the previously lost presumption of correctness. Although a Property Appraiser is allowed to correct clerical errors[1] and to assess back taxes on property that has previously escaped taxation,[2] he is not allowed to reassess property after the tax roll has been certified for a certain year and the tax levied thereon paid, even though he mistakenly, inadvertently or negligently assessed the property. Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971). The trial judge herein set aside the first assessments for 1985, 1986 and 1987 because Smith's predecessor failed either to consider the actual income from Countryside's property or to apply the income approach to the property by considering income information from other golf course properties. The first assessments, therefore, did not result from clerical error, and the property did not escape taxation.[3] Instead, the assessments were improperly prepared. Consequently, the new valuations were not reassessments of the property because the Property Appraiser at that particular time lacked the power to assess that particular property.[4]
Nevertheless, we find that these new valuations are probative of just value at a trial to resolve that issue, and were admissible into evidence. However, because they are not "assessed" values, they come into evidence with no presumption of correctness.
In this case Countryside had the burden of proof on all of its claims, including its claim as to the just value of the property. See Bystrom, 416 So.2d at 1133. Notwithstanding the trial court's ruling that Countryside must overcome every reasonable hypothesis of a legal assessment, Countryside was also required to show the court that the values it wanted the court to adopt met the standards of section 193.011. The trial judge made a specific finding that Countryside relied only on the income approach and presented no convincing evidence *17 of value based on either the market approach or the cost approach. The court also found that Smith both considered and used all three approaches in determining just value and that his valuations complied with section 193.011. We find there was substantial, competent evidence in the record to support the circuit court's findings. Furthermore, these findings support an additional finding that Countryside failed to meet its burden of proof on just value determination, and that Smith's valuations were, by the preponderance of the evidence, just values. We find nothing in this record to disturb any of these findings.
Although we disagree with the trial court's finding that the reassessments which replaced the void assessments were entitled to the same dignity as any other assessment, that disagreement does not change the result reached. Countryside had the burden of supporting its good faith estimates of just value with analysis meeting section 193.011 criteria and failed. Smith's evidence of valuation complied. Therefore, it was not error for the circuit court to enter a final judgment establishing the assessed value of the property for 1985, 1986 and 1987 at $3,634,000, $3,938,000 and $3,936,000, respectively.
Affirmed.
RYDER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Section 197.142, Florida Statutes (1987).
[2] Section 193.092, Florida Statutes (1987).
[3] "To `escape taxation' means to get free of tax, to avoid taxation, to be missed from being taxed or to be forgotten for tax purposes." Okeelanta Sugar Refinery, Inc. v. Maxwell, 183 So.2d 567 (Fla. 4th DCA 1966).
[4] Section 194.171, Florida Statutes (1987) provides that the circuit court does not acquire jurisdiction to review a contested assessment until sixty days after the assessment has been certified for collection and the taxpayer has paid the good faith estimate of taxes. Therefore, a fair inference can be raised from this statutory language that, by the time the court is ready to take jurisdiction of a contested assessment, the Property Appraiser has done his work and is powerless to change the assessment, if at all, until after the court has done its work.