819 So.2d 177 (2002)
Rob TURNER, as Hillsborough County Property Appraiser, Appellant,
v.
BELL CHEVROLET, INC., a Florida corporation, Appellee.
No. 2D01-2398.
District Court of Appeal of Florida, Second District.
May 10, 2002.
Rehearing Denied June 19, 2002.
*178 William D. Shepherd, General Counsel, for Appellant.
Robert E.V. Kelly, Jr., of Hill, Ward & Henderson, P.A., Tampa, for Appellee.
PARKER, Judge.
Rob Turner, as Hillsborough County Property Appraiser (Turner), appeals the trial court's order reducing the real property tax assessment of Bell Chevrolet, Inc. (Bell). Turner raises two issues on appeal, only one of which has merit. Because we agree with Turner that the trial court erred in permitting Bell to limit the evidence at trial to solely the value of Bell's land, we reverse.
Bell is an automobile dealership in Plant City. Its real property includes land, buildings, paved areas, and other improvements. After Bell's real property tax bill increased significantly from 1996 to 1997, Bell challenged the property tax assessments of its real property for 1997, 1998, and 1999. However, Bell sought to limit its challenge to only Turner's assessment of Bell's land and to stipulate that Turner's assessment of the buildings and other improvements was correct. Turner objected to this unilateral stipulation and filed a motion asking the trial court to find that the ultimate issue was the correctness of the total assessment, not just the correctness of the assessed land value. The trial court denied Turner's motion, thereby limiting the evidence at trial to that relating to the land value and prohibiting Turner *179 from showing that the total assessment was proper. The effect of that decision was to preclude evidence of the more than $1,300,000 construction cost of the improvements made during 1996 and to preclude evidence of the June 2000 sales price of the real property.
After considering only evidence concerning the value of Bell's land, the trial court found that the assessed value of Bell's land was too high and adjusted Bell's total real property tax assessment accordingly. On appeal, Turner argues that the trial court erred in limiting the evidence at trial to only that concerning the value of Bell's land without allowing Turner to establish that the total tax assessment was at just value. We agree.
The Florida Constitution requires that "regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation." Art. VII, § 4, Fla. Const. Florida courts have repeatedly held that "just value" and "market value" are synonymous. See, e.g., Walter v. Schuler, 176 So.2d 81, 85 (Fla.1965); Turner v. Tokai Fin. Servs., Inc., 767 So.2d 494, 496 (Fla. 2d DCA 2000). Thus, the constitution requires assessment of all real property at market value, and an ad valorem tax assessment that is more or less than "just" or market value is unconstitutional.
With this constitutional requirement in mind, the core issue in any action challenging a tax assessment is whether the total tax assessment reflects just value. Bystrom v. Whitman, 488 So.2d 520, 522 (Fla.1986). "The total assessed value of the entire property should equal its just full value taken as a whole." Dep't of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756, 758 (Fla.1976).
Regardless of the method [used to assess and compute the taxes], the construction and implementing statutes must be interpreted so as to achieve an assessment at just full value; no construction or tax assessment may be allowed that would allow either the property owner an unjustified tax break or the government to collect more taxes than it is entitled.
Id.
Despite this general rule that the total tax assessment is at issue, Florida courts have allowed taxpayers to challenge only a portion of their tax assessments. See, e.g., Haines v. Leonard L. Farber Co., 199 So.2d 311 (Fla. 2d DCA 1967) (allowing challenge to portion of assessment attributed to land only); Calder Race Course, Inc. v. Overstreet, 363 So.2d 631 (Fla. 3d DCA 1978) (allowing challenge to portion of assessment attributed to certain improvements and land parcels but not others); Bal Harbour Club, Inc. v. Dade County, 222 So.2d 428 (Fla. 3d DCA 1969) (allowing challenge to portion of assessment on certain parcels making up one large tract). Those decisions have relied on the premise that if the taxpayer can show that a portion of the assessment is invalid, it follows that the total tax assessment is invalid. Haines, 199 So.2d at 314. However, this premise is not always true.
As this case demonstrates, a total tax assessment may be correct even when the property appraiser's internal assessments of various portions of the real property are incorrect. Here, the evidence showed that Bell purchased its land in 1995 for $125,000. During 1995 and 1996, Bell constructed various improvements on the property at a cost of approximately $1,360,324. Thus, as of January 1, 1997, Bell's investment in its real property was approximately $1,485,324. As of that same date, Turner assessed Bell's real property at $1,559,872. Turner's internal records allocated $797,121 of the assessed value to *180 land and $762,751 to improvements. While these internal allocations appear to be incorrect, the total tax assessment appears appropriate in light of Bell's investment in the property. Thus, while the one portion of a tax assessment may be "invalid," it does not necessarily follow that the total tax assessment is not at just value.
To enforce the requirements of the constitution, Turner must be allowed to defend the total tax assessment as correct despite a flawed internal allocation of value. While a taxpayer may be able to frame his complaint so as to challenge only a portion of his tax assessment, the trial court may not prevent the property appraiser from defending the total tax assessment as meeting the constitutional requirement of just value. Cf. Metro. Dade County v. Tropical Park, Inc., 231 So.2d 243, 245 (Fla. 3d DCA 1970) (holding that a taxpayer may admit that improvements are properly valued then "show that the total assessment is improper because the land is over-valued." (emphasis added)). Thus, a taxpayer may choose to attack one portion of his assessment, prove that that portion is improperly valued, and rebut the presumption that the total tax assessment is correct. See § 194.301, Fla. Stat. (2000) (providing that an assessment is entitled to a presumption of correctness; however, that presumption is lost if the taxpayer proves that the assessment is based on practices not applied to comparable property). However, if the taxpayer proves that one portion of the tax assessment is in excess of just value, the property appraiser must then be allowed to put on evidence to establish that the total tax assessment is at just value. If the property appraiser is prohibited from doing so, a risk exists that the constitutional requirements will be avoided by the creative pleading of the taxpayer. Taxpayers are not entitled to obtain an unconstitutional tax assessment by selectively challenging portions of a total tax assessment.
Contrary to Bell's assertions, this procedure will not result in an improper reassessment of the property. See Countryside Country Club, Inc. v. Smith, 573 So.2d 14, 16 (Fla. 2d DCA 1990) (holding that a property appraiser cannot reassess property once the tax rolls are certified). If the taxpayer's challenge to a portion of the tax assessment is successful, the property appraiser may defend only the original total tax assessment already certified on the tax roll. This does not constitute a reassessment of the property. Rather, it constitutes only a defense of the original total assessment. Such a defense is entirely proper.
Because the trial court in this case improperly denied Turner the opportunity to establish that Bell's total tax assessment reflected just value, the trial court's final judgment is reversed and this case remanded for a new trial. At the new trial, Bell may present evidence challenging the land portion of its tax assessment. If Bell's evidence rebuts the presumption of correctness of the assessment, Turner may then put on evidence to establish that the total tax assessment reflects just value. If Turner's evidence is sufficient, the assessment will stand. If not, the total tax assessment should be adjusted accordingly. Although Bell may again prevail at the new trial, Turner is entitled to have the trial court determine from the evidence the just value of all of Bell's real property.
Because we are remanding for a new trial, we note that Turner's second argument, concerning the admissibility of the testimony by Bell's expert appraiser, has no merit. The alleged deficiencies go to the weight to be given to the expert's testimony, not its admissibility. Therefore, the trial court did not err in admitting *181 this testimony and may do so again at the new trial.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.