## NATIONAL AMUSEMENTS, INC. *v.* TOWN OF EAST WINDSOR
## (AC 23987)

Schaller, Flynn and McLachlan, Js.

---

Argued March 23—officially released August 17, 2004

*Marjorie S. Wilder*, with whom was *Julie A. Morgan*, for the appellant (plaintiff).

*William P. O'Brien*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, National Amusements, Inc., appeals from the judgment of the trial court sustaining its tax appeal. The plaintiff claims that (1) in an appeal pursuant to General Statutes § 12-117a, a plaintiff may limit the parameters of the court's valuation determination by challenging in its pleadings only one portion of the tax assessment, (2) the court improperly valued the land and site improvements at issue because the defendant town of East Windsor failed to put at issue their value, (3) the defendant's concession that only the value of the building was at issue constituted a judicial admission that precluded the court's consideration of the proper valuation of the land and site improvements, (4) it was denied due process because "the court decided to value the land and site improvements only in its written decision on the merits of the case, long after the plaintiff presented its evidence," and (5) the court's decision will limit the rights of certain aggrieved taxpayers to appeal from the valuation of their property.[1] We affirm the judgment of the trial court.

The court's memorandum of decision and the record reveal the following relevant facts. The plaintiff owns and operates a twelve screen multiplex theater (building) on property in East Windsor (property). The property contains twenty-seven acres on the southwest corner of Bridge Street and Prospect Hill Road in a B-1 zone visible from Interstate 91.

The plaintiff purchased the land on which the building was constructed on January 18, 1994, for $4,825,000.

---

[1] The plaintiff makes no claim as to the court's factual conclusions.

The building was constructed that year with a reinforced concrete foundation, masonry concrete block walls, poured concrete floors, a flat metal deck roof with insulation and a fireproofed steel frame. The building was air conditioned and featured a sprinkler system and elevator. The total cost of constructing the building was $5,239,819. The building contains 59,262 square feet on the first floor and 14,741 square feet on the mezzanine area. A certificate of occupancy was issued for the building on November 16, 1994, and the property was placed on the East Windsor tax rolls for the revaluation year of October 1, 1995.

On the October 1, 1995 grand list, the East Windsor assessor determined that the fair market value of the property was as follows:

| | |
|---|---|
| Land | $2,622,130[2] |
| Outbuilding | 299,650 |
| Main building | 9,094,560 |
| Total | $12,016,340 |

The plaintiff challenged that valuation before the East Windsor board of assessment appeals (board). In an inventive move, the plaintiff challenged only the valuation of the building. After the board declined to reduce the assessment, the plaintiff filed an appeal pursuant to § 12-117a.[3]

[2] That amount is $2,202,870 less than the purchase price.

[3] General Statutes § 12-117a provides: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the

On appeal, the plaintiff again challenged only the valuation of the building, not the value of the land and site improvements.[4] As the court noted, the plaintiff carefully framed its complaint in an attempt to limit the appeal to only the valuation of the building.[5] At trial,

same time and served and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises. Any such application shall be a preferred case, to be heard, unless good cause appears to the contrary, at the first session, by the court or by a committee appointed by the court. The pendency of such application shall not suspend an action by such town or city to collect not more than seventy-five per cent of the tax so assessed or not more than ninety per cent of such tax with respect to any real property for which the assessed value is five hundred thousand dollars or more, and upon which such appeal is taken. If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review or board of assessment appeals, as the case may be, to make such amendment effective. The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable, and, if the application appears to have been made without probable cause, may tax double or triple costs, as the case appears to demand; and, upon all such applications, costs may be taxed at the discretion of the court. If the assessment made by the board of tax review or board of assessment appeals, as the case may be, is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and any costs awarded by the court, or, at the applicant's option, shall be granted a tax credit for such overpayment, interest and any costs awarded by the court. Upon motion, said court shall, in event of such overpayment, enter judgment in favor of such applicant and against such city or town for the whole amount of such overpayment, together with interest and any costs awarded by the court. The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."

[4] The plaintiff's appeal pertained to the October 1, 1999, October 1, 2000, and October 1, 2001 grand lists.

[5] Two sister states have confronted a similar challenge. In *Turner* v. *Bell Chevrolet, Inc.*, 819 So. 2d 177, 178 (Fla. App. 2002), the defendant "sought to limit its challenge to only [the assessor's] assessment of [the defendant's] land and to stipulate that [the] assessment of the buildings and other improve-

the plaintiff claimed that the court could decide only the valuation of the property at issue in the pleadings. The court rejected that argument. After considering the valuation of the property as a whole, the court found the total fair market value of the property to be $11,064,819, $951,521 less than the valuation on the October 1, 1995 grand list, and thereby sustained the plaintiff's appeal. From that judgment, the plaintiff appeals.

I

The central issue in this appeal is whether a plaintiff in a § 12-117a appeal may limit the parameters of the court's valuation determination by challenging in its pleadings only one portion of the assessment. We hold that it may not.

A determination of the court's authority under § 12-117a is a question of law. Our review, therefore, is plenary. See *Davis* v. *Westport*, 61 Conn. App. 834, 840, 767 A.2d 1237 (2001).

"Section 12-117a, which allows taxpayers to appeal the decisions of municipal boards of tax review to the

ments was correct." Noting that the core issue in any action challenging a tax assessment is whether the total tax assessment reflects just value, the court stated that "while the one portion of a tax assessment may be 'invalid,' it does not necessarily follow that the total tax assessment is not at just value." Id., 180. The court held that "[t]axpayers are not entitled to obtain an unconstitutional tax assessment by selectively challenging portions of a total tax assessment." Id.

Similarly, the issue in *Showplace Theatre Co.* v. *Property Tax Appeal Board*, 145 Ill. App. 3d 774, 495 N.E.2d 1312 (1986), was whether the plaintiff could challenge on appeal only the land valuation portion of an assessment, thereby limiting the reviewing body's jurisdiction to a determination of that value. The court answered that query in the negative, noting that the "assessed values constitute a single assessment of the property." Id., 776. As the court explained: "By seeking review of the tax assessments as to its real property, plaintiff could not limit the review to those portions of the calculations necessary to a final determination of assessed value. . . . Plaintiff chose to avail itself of the right to appeal and cannot now complain of the court's consideration of the entire matter appealed." Id., 777.

Superior Court, provide[s] a method by which an owner of property may directly call in question the valuation placed by assessors upon his property . . . ."[6] (Internal quotation marks omitted.) *Konover* v. *West Hartford*, 242 Conn. 727, 734, 699 A.2d 158 (1997). "In § 12-117a tax appeals, the trial court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the [taxpayer's] property. . . . At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has overassessed its property. . . . Once the taxpayer has demonstrated aggrievement by proving that its property was overassessed, the trial court [will] then undertake a further inquiry to determine the amount of the reassessment that would be just." (Citations omitted; internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 22–23, 807 A.2d 955 (2002); *Sibley* v. *Middlefield*, 143 Conn. 100, 105–106, 120 A.2d 77 (1956).

The plaintiff was well aware when it appealed to the trial court pursuant to § 12-117a that the proceeding would be de novo. "In a de novo proceeding, the trier of fact makes an independent determination . . . without regard for the action or decision of the lower tribunal." *Konover* v. *West Hartford*, supra, 242 Conn. 741. The ultimate question is the ascertainment of the true and actual value of the taxpayer's property. See *Newbury Commons Ltd. Partnership* v. *Stamford*, 226 Conn. 92, 104, 626 A.2d 1292 (1993). The scope of the court's subject matter jurisdiction "must encompass the power to consider any facts that are relevant to determining whether a taxpayer actually has been overassessed."

---

[6] We note that § 12-117a provides a remedy only for an aggrieved taxpayer seeking to reduce a tax assessment and provides no remedy for a municipality claiming to have undervalued a taxpayer's property. See *F. W. Woolworth Co.* v. *Greenwich*, 44 Conn. App. 494, 497–98, 690 A.2d 405, cert. denied, 240 Conn. 927, 692 A.2d 1281 (1997).

*Konover* v. *West Hartford,* supra, 741. Furthermore, the court "must arrive at [its] own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and [its] own general knowledge of the elements going to establish value."[7] (Internal quotation marks omitted.) *Ireland* v. *Wethersfield,* 242 Conn. 550, 556–57, 698 A.2d 888 (1997). The court's judgment, however, "cannot result in an increase in the plaintiff's assessment." *Konover* v. *West Hartford,* supra, 743.

The plaintiff claims that, because it challenged only one portion of the assessment in its pleadings, the court was permitted to determine the value of that portion only. Such a limitation on the court's independent determination of the value of the taxpayer's assessed property would require the court to afford presumptive validity to the assessor's valuation of the uncontested portions. That is improper. No judicial presumption exists as to the validity of the assessor's conclusions. *Davis* v. *Westport,* supra, 61 Conn. App. 844. In a § 12-117a tax appeal, the court must reach an independent determination without regard for prior determinations. See *Konover* v. *West Hartford,* supra, 242 Conn. 741.

Moreover, our Supreme Court has expressly indicated that it has "never held that a trial court in a de novo appeal pursuant to § 12-117a may determine the value of only a portion of a taxpayer's property." Id., 737. "All fixed and permanent building and other

---

[7] Although parties to a tax appeal pursuant to § 12-117a may stipulate that the valuation of only a portion of the property is in dispute; see, e.g., *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 673–74, 154 A.2d 608 (1959); such stipulation informs, rather than binds, the trial court's independent determination. The plaintiff has provided the court no authority for its assertion that the parties may circumscribe the parameters of the court's independent determination as to the value of the taxpayer's assessed property in a § 12-117a tax appeal.

improvements on land are a part of it for the purposes of assessment and must be included in its appraised value for taxation." 72 Am. Jur. 2d 115–16, State and Local Taxation § 679 (2001); see also 16 E. McQuillin, Municipal Corporations (3d Ed. Rev. 2003) § 44.45, p. 202 (term real property as applied to taxation includes buildings, structures permanently affixed to land). Accordingly, we conclude that a § 12-117a tax appeal provides a taxpayer a forum to contest the assessment of its property, not portions of that assessment.[8]

## II

The plaintiff next claims that the court improperly valued the land and site improvements because the defendant failed to put at issue their valuation. Citing *O'Brien* v. *Board of Tax Review*, 169 Conn. 129, 362 A.2d 914 (1975), the plaintiff argues that it was incumbent on the defendant to raise the issue of the valuation of the land and site improvements in the pleadings. In *O'Brien*, the defendant, by way of special defense, "admitted that the building assessment was high but that 'the land assessment was proportionately low,' and requested that the court consider the overall assessment and deny relief to the plaintiff." Id., 130. Although we agree that it is preferable for a defendant in such a situation to file a similar special defense, neither *O'Brien* nor any other Connecticut appellate decision we can uncover has held that in a § 12-117a tax appeal, it is mandatory. It is the function of the court in a § 12-117a tax appeal to make an independent determination as to the value

---

[8] We note also the public policy implications of this case. To place the imprimatur of validity on the plaintiff's attempt to confine the court's review in an appeal pursuant to § 12-117a to a determination of property value "in a piecemeal fashion," as the court aptly stated in its memorandum of decision, would enable and encourage taxpayers unhappy with their assessments to challenge the valuation of isolated portions of their property. If § 12-117a is to be so extended, such extension is solely the prerogative of the General Assembly.

of the taxpayer's assessed property. See *Konover* v. *West Hartford,* supra, 242 Conn. 741.

Moreover, § 12-117a specifically provides that the court "shall have power to grant such relief as to justice and equity appertains . . . ." The court may thus reach its independent determination with principles of equity in mind, i.e., that the land portion of the property initially was valued at more than $2 million *less* than its purchase price one year earlier, as long as the court's determination does not result in an increase in the plaintiff's assessment. See *Konover* v. *West Hartford,* supra, 242 Conn. 743.

## III

The plaintiff claims the defendant's concession that only the value of the building was at issue constituted a judicial admission that precluded the court's consideration of the proper valuation of the land and site improvements. A court's determination of whether a particular statement made by a party in litigation is a judicial admission involves a factual determination. See *Mamudovski* v. *BIC Corp.,* 78 Conn. App. 715, 727, 829 A.2d 47, cert. granted on other grounds, 266 Conn. 915, 833 A.2d 467 (2003). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Frillici* v. *Westport,* 264 Conn. 266, 277, 823 A.2d 1172 (2003).

"Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings." *Jones* v. *Forst,* 41 Conn. App. 341, 346, 675 A.2d 922 (1996). The statement relied on as a binding admission must be clear, deliberate and unequivocal. See *Mamudovski* v. *BIC*

*Corp.*, supra, 78 Conn. App. 729; see also *Kanopka* v. *Kanopka*, 113 Conn. 30, 38–39, 154 A. 144 (1931).

The plaintiff claims that the defendant admitted that only the value of the building was at issue. We do not agree. Although the defendant's counsel stated during a pretrial hearing on a motion for a continuance that "we don't tend to challenge the concession [as to the value of the land as set by the assessor]," that isolated statement must be viewed in the context of counsel's full response. The defendant's counsel continued, stating that "it's our position that you have to take into consideration everything." Shortly thereafter, the court inquired, "If the plaintiff concedes to the value of the land as set by the assessor, then what else is there to argue except the value of the building itself?" The defendant's counsel responded that "its our position that you can't separate the two" and indicated to the court that the defendant's expert appraiser intended to make a determination of the value of the land. That colloquy between the court and the defendant's counsel indicates that there was no clear, deliberate and unequivocal concession that only the value of the building was at issue. Put simply, there was no judicial admission.

Furthermore, even were we to conclude that the statement constituted an admission, such admission would not necessarily preclude valuation of the land by the court. The trial court in a § 12-117a tax appeal exercises de novo review and must arrive at its own conclusions as to the value of the taxpayer's assessed property. Thus, a judicial admission, like a stipulation between parties, serves to inform, rather than to bind, the court's independent determination in a § 12-117a tax appeal.

IV

The plaintiff's fourth claim is that it was denied due process because "the court decided to value the land

and site improvements only in its written decision on the merits of the case, long after the plaintiff presented its evidence." Thus, the plaintiff contends that it was denied a meaningful opportunity to be heard on the issue of the valuation of the land and site improvements. The record indicates otherwise.

The plaintiff was well aware when it appealed to the trial court pursuant to § 12-117a that the proceeding would be de novo. Connecticut law has consistently held that the trial court in a § 12-117a tax appeal exercises de novo review and must arrive at its own conclusions as to the value of the taxpayer's assessed property. See *Union Carbide Corp.* v. *Danbury*, 257 Conn. 865, 870, 778 A.2d 204 (2001); *Torres* v. *Waterbury*, 249 Conn. 110, 117–18, 733 A.2d 817 (1999); *Ireland* v. *Wethersfield*, 242 Conn. 550, 556, 698 A.2d 888 (1997); *Xerox Corp.* v. *Board of Tax Review*, 240 Conn. 192, 204, 690 A.2d 389 (1997); *Aetna Life Ins. Co.* v. *Middletown*, 77 Conn. App. 21, 26, 822 A.2d 330, cert. denied, 265 Conn. 901, 829 A.2d 419 (2003); *Bay Hill Construction, Inc.* v. *Waterbury*, 75 Conn. App. 832, 836, 818 A.2d 83 (2003).

At the May 2, 2000 pretrial hearing, the defendant informed the court that its expert appraiser, whom the plaintiff twice had deposed, intended to make a determination of the value of the land and site improvements. The plaintiff thus was aware prior to the commencement of trial that the valuation of the land and site improvements were at issue.

Moreover, the defendant's expert testified at trial as to the valuation of both the land and site improvements, which he opined were integral to a proper valuation of the property, and was subject to cross-examination by the plaintiff. After the defendant rested its case, the court provided the plaintiff the opportunity to present rebuttal evidence, which the plaintiff declined.

Finally, although the plaintiff claims that it had "no notice prior to the close of its case" that the issue was pending before the court, at the commencement of trial on May 17, 2002, the plaintiff conceded that "there has been an issue, as you are aware, of whether or not a town can value just the building . . . . Your Honor asked us to be prepared at the trial to address the question of appealing just the valuation of the building, and whether or not the building could be valued separate from the site improvements and the land."

After reviewing the record, we cannot say that the plaintiff was denied a meaningful opportunity to be heard on the issue of the valuation of the land and site improvements. Its due process challenge, therefore, fails.

V

The plaintiff last claims that the court's decision will limit the rights of certain aggrieved taxpayers to appeal from the valuation of their property. Specifically, the plaintiff cites instances in which a taxpayer possesses an interest in only a portion of the assessed property.

This court does not render advisory opinions. See *Packer* v. *Board of Education*, 246 Conn. 89, 122, 717 A.2d 117 (1998) (*Berdon, J.,* concurring); *Fiddelman* v. *Redmon*, 59 Conn. App. 481, 483, 757 A.2d 671 (2000). As our Supreme Court explained more than a century ago, "[s]uch action on our part would be clearly extrajudicial. It would be a case purely of advice and not of judgment. . . . Our action being extra-judicial . . . it cannot be of any binding character whatever. No Judge of the Supreme or Superior Court, in any case hereafter before him, would be bound by our opinion. We ourselves should not be bound by it. Being merely advice, it would be in contemplation of law . . . ." *Reply of the Judges,* 33 Conn. 586, 586–87 (1867).

"Law suits are not determined by a consideration of philosophy in the abstract, but by the application of legal principles to the facts of a particular case." *Lomas & Nettleton Co.* v. *Waterbury*, 122 Conn. 228, 234, 188 A. 433 (1936). The facts of this particular case indicate that the plaintiff is the sole owner of all portions of the assessed property. As such, this appeal does not present an instance in which there are separate interests in a single property, i.e., land lease agreements. Accordingly, we decline to render extrajudicial advice on that hypothetical matter.

The judgment is affirmed.

In this opinion the other judges concurred.