PATRICIA S. G. HARRIS *v.* JOSEPH E. SHEA, JR.
(AC 23816)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*James R. Winkel* filed a brief for the appellant (defendant).

*John H. Burns* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant, Joseph E. Shea, Jr., appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiff, Patricia S. G. Harris. On appeal, the defendant claims that the court improperly concluded that he personally borrowed funds from the plaintiff when the complaint alleged only that the defendant was a guarantor of the loan. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's appeal. In January, 2000, the defendant owned a 70 percent interest in Shea Chevrolet, Inc., a Connecticut corporation. The defendant also was the president of the corporation. The defendant's brother, Douglas Shea, was the vice president, and the plaintiff was the office manager and bookkeeper. The parties had a family-like relationship.

On January 26, 2000, the defendant asked the plaintiff to loan the corporation $25,000 because there was insufficient funds to meet its payroll obligations. The plaintiff presented the defendant with a check for the requested amount. The defendant told the plaintiff that he would repay the loan in approximately one week, after his wife returned from Florida. The court specifically found that although the plaintiff testified that the defendant had "guaranteed" the loan, that term was not used in its legal sense. Instead, the loan was made in reliance on the defendant's personal promise, and the plaintiff expected the defendant, not the failing corporation, to repay her.

On February 4, 2000, the plaintiff received a partial payment from the corporation in the amount of $10,000. Later that month, however, the plaintiff issued a $10,000 check to the corporation. From February through July, 2000, the defendant paid the plaintiff $300 per month in interest. On June 2, 2000, the defendant sold the

corporation. There was no evidence offered as to whether the defendant recognized any profit from the sale. The defendant, however, did not repay the outstanding loan to the plaintiff. The plaintiff commenced the present action with a two count complaint. The first count set forth a claim of breach of contract .while the second count alleged unjust enrichment. The court rendered judgment in favor of the plaintiff with respect to the first count and awarded her $25,000. This appeal followed.

The sole issue on appeal is whether the court improperly concluded that the defendant personally had borrowed funds from the plaintiff where the complaint alleged only that the defendant was a guarantor of the loan.

As a preliminary matter, we set forth certain legal principles and the applicable standard of review. "[T]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Citations omitted; internal quotation marks omitted.) *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 82, 700 A.2d 655 (1997).

"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [her] complaint." (Internal quotation marks omitted.) *Marek* v. *Going*, 66 Conn. App. 557, 564, 785 A.2d 248 (2001), cert. denied, 259 Conn. 909, 789 A.2d 995 (2002). "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent

surprise. . . . *As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Constantine* v. *Schneider*, 49 Conn. App. 378, 387, 715 A.2d 772 (1998).

The plaintiff's complaint alleged that the defendant had asked the plaintiff to loan money to the corporation. It further stated that the defendant "orally promised the plaintiff that he would personally guarantee that the loan would be repaid [to] her promptly." The complaint also alleged that the plaintiff loaned the money to the corporation in reliance on the defendant's promise.

On the basis of the foregoing allegations set forth in the plaintiff's complaint, we conclude that the defendant was given sufficient notice of the facts claimed and the issues that were tried. Moreover, a broad reading of the complaint, in its entirety, supports our conclusion that the defendant was not subject to surprise or to prejudice. The complaint set forth the claim that the plaintiff's loan was premised on the fact that it would be repaid by the defendant and not the financially troubled corporation. Accordingly, we conclude that the court properly rendered judgment in favor of the plaintiff.

The judgment is affirmed.